[Crim. No. 11555.   In Bank.   Dec. 13, 1967.]

In re KENNETH JAMES WELLS on Habeas Corpus.

874

Kenneth James Wells, in pro. per., and Philip V. Sarkisian, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Nelson P. Kempsky, Deputy Attorneys General, for Respondent.

MOSK, J.—In 1948 petitioner Kenneth James Wells entered a plea of guilty to a violation of section 288 of the Penal Code for sexual misconduct with a five-year-old girl. He was adjudged a sexual psychopath and committed to a state hospital. After a year and a half in the hospital, petitioner was returned to the superior court and granted probation. In 1951, upon evidence of similar offenses, his probation was revoked and he was sentenced to state prison for the term of one year to life. His appeal from the revocation proceeding was unsuccessful (*People* v. *Wells* (1952) 112 Cal.App.2d 672 [246 P.2d 1023]), and he was not paroled until 1960.

Within six months after he was paroled petitioner pleaded guilty to child molestation (Pen. Code, § 647a), admitted the prior conviction, and was sentenced to state prison, the term to run concurrently with the unexpired term of the prior conviction. His parole from the 1952 commitment was also revoked. Petitioner did not appeal.

Petitioner alleges that at the preliminary examination

preceding the initial conviction in 1948 he was not apprised of his right to counsel (Pen. Code, § 859), and an order to show cause was issued primarily to consider his claim that the 1948 conviction is now open to collateral attack.

The reporter's transcript of the 1948 proceeding is not now available, and thus petitioner's allegation that he was unrepresented by counsel at the preliminary examination cannot be substantiated. But assuming that petitioner was not then represented, his petition nevertheless lacks merit because he did not move to set aside the information, although he was represented by counsel in all subsequent proceedings. (Pen. Code, § 995.) As we explain in *People* v. *Harris, ante,* p. 866 [64 Cal.Rptr. 313, 434 P.2d 609], petitioner thereby waived his statutory right to question the legality of his commitment. (Pen. Code, § 996.) ■ Petitioner's plea of guilty, entered with the advice of counsel, also precludes raising this contention. (*People* v. *Harding* (1953) 116 Cal. App.2d 65, 66 [252 P.2d 1007]; *In re Basham* (1938) 24 Cal.App.2d 285, 286 [74 P.2d 781]; see also *People* v. *Laudermilk* (1967) *ante,* pp. 272, 282 [61 Cal.Rptr. 644, 431 P.2d 228]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182].) ■ Even had petitioner properly moved to set aside the information, his failure to pursue the issue on appeal would bar consideration in this collateral proceeding. (*In re Dixon* (1953) 41 Cal.2d 756, 759 [264 P.2d 513].) Finally, assuming that petitioner had properly preserved his objection and had urged it on appeal, he fails to offer a satisfactory explanation for his dilatoriness in waiting 19 years after the initial conviction before seeking relief. (See *In re Streeter* (1967) 66 Cal.2d 47, 52 [56 Cal.Rptr. 824, 423 P.2d 976]; *In re Swain* (1949) 34 Cal.2d 300, 302 [209 P.2d 793].)

■ Petitioner next contends that in the postconviction proceeding following his second conviction he should have been certified to the superior court for hearing and examination on whether he was a mentally disordered sex offender. (Welf. & Inst. Code, § 5501, subd. (b).) The People concede that the trial court erred in overlooking the statute's mandatory provisions. Since petitioner's incarceration, however, the statute has been amended to exclude persons, like petitioner, who are not eligible for probation. (New §§ 5501, subd. (b), 5500.5.) The People maintain that the amended provision deprives the superior court of jurisdiction to hold hearings for persons now ineligible, and therefore that petitioner is not entitled to relief. But we need not reach this issue since the

relief requested in petitioner's application is "release from prison, not recommitment to the . . . superior court" for institution of the omitted hearing and examination. He insists that the error denied him due process and equal protection and that the conviction itself is thereby vitiated. Failure to observe correct statutory procedures in postconviction proceedings, however, does not render the underlying judgment of conviction unconstitutional. (See *In re McInturff* (1951) 37 Cal.2d 876, 880 [236 P.2d 574].)

We have reviewed the other contentions raised by petitioner and find them without merit.

The order to show cause is discharged and the writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.