[Crim. No. 3265. Fourth Dist., Div. One. Nov. 25, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. MILTON PAUL ROSE, Defendant and Appellant.

Fabbroni, Odorico, Moran & Dimeff and John T. Moran for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from an order granting probation following his plea of guilty to the charge of maintaining a place where narcotics are sold (Health & Saf. Code, § 11557).

Defendant did not comply with the requirements of Penal Code, section 1237.5, compliance with which is now generally

a prerequisite to an appeal from a judgment based upon a plea of guilty.[1]

His appeal, however, has purportedly been taken under the provisions of section 1538.5, subdivision (m), Penal Code, which is as follows: ''The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.''

Section 1237.5, Penal Code, was enacted in 1965; section 1538.5, in 1967. Under the procedure prescribed in section 1237.5, an appeal from a judgment based upon a plea of guilty, following a denial of a motion under section 1538.5, could have been taken without the express provision to that effect in the latter section. Since, in section 1538.5, the Legislature provided specifically for such a right of appeal, it follows that an appeal from a judgment based upon a plea of guilty following the denial of a motion under that section, for the sole purpose of testing the correctness of such denial, may be taken without regard to the provisions of section 1237.5.

We are of opinion that defendant's appeal is fruitless for reasons we now discuss.

Defendant was charged originally in an information filed November 22, 1967 with having planted and cultivated marijuana, a violation of section 11530, Health and Safety Code, to which he pleaded not guilty. On December 27, 1967, he filed a written notice of motion for an order suppressing physical evidence which motion was heard and denied on January 5, 1968.

---

[1]''No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.'' (Pen. Code, § 1237.5.)

On April 2, 1968, to which date trial had been continued from January 18 at defendant's request, the district attorney, without objection from defendant, was given leave to and did file an amended information in which a second count was added charging the violation of section 11557, Health and Safety Code, which is punishable by either imprisonment or a jail sentence. Thereupon, defendant, with the approval of his counsel, pleaded guilty to that charge, and the count charging the planting and cultivation of marijuana was dismissed, which at that time was punishable only by imprisonment for a minimum of one year.

After the plea of guilty had been entered and accepted, the following exchange was had:

"MR. MORAN: Your Honor, may the record show that this plea is being entered because of a 1538.5 denial of a motion to suppress.

"   .    .    .    .    .    .    .    .    .    .    .    .    .    .

"THE COURT: You may preserve your right. . . ."

It is the contention of the People that the correctness of the order denying defendant's motion under section 1538.5, Penal Code, directed to evidence in support of a charge that was thereafter dismissed, does not afford a basis for an appeal under that section from a judgment based upon a plea of guilty to a charge that was not pending at the time the motion was made and denied.

### THE EVIDENCE

Some brief mention of the record on appeal and evidence produced at the hearing on defendant's motion made under Penal Code, section 1538.5, supports our conclusion.

On August 12, 1967, defendant's wife, then separated from him, returned to the house where she and defendant had been living together prior to the separation to get some clothing for her child when she saw in the house what she suspected was marijuana. She mentioned that to Wills, an off-duty member of the Chula Vista Police Reserve, who was a family friend of defendant's mother-in-law, to whose home defendant's wife had come with her baby after separation from defendant. At his suggestion Mrs. Rose went again to the house and brought therefrom a plastic bag of material which she showed to Wills. Wills telephoned Myrann, a member of the narcotics squad of the San Diego police, asking that he come to identify the contents of the bag; Myrann asked Odom, a fellow member of the narcotics squad, to meet Wills, which Odom did. He identified the contents of the bag as marijuana. Defendant's wife

willingly went with Wills and Odom to her husband's home, entered and admitted the two men for the purpose of looking for more marijuana, of which, without difficulty, they found four or five kilograms in a traveling bag. Odom then telephoned Myrann, who was told Odom had found about four kilos as well as some other wrapped packages of marijuana. Myrann arrived at the address of defendant's home at about 5.:15 p.m. Myrann went along a driveway leading to a detached. garage, separated from the house by a waist-high picket gate that was partly open. At the gateway Myrann could see through another open latticed gateway leading into a yard enclosed by the south wall of the house, the east wall of its garage, a board fence, and the west wall of the garage of the adjacent house to the east; and through the two gateways he saw in a planter box in front of the board fence at the rear of the yard, 20 to 30 feet away, growing plants which he recognized as marijuana. There were at least a dozen of the plants, some about 12 inches high, in an irregularly spaced row. The officers remained in the house until defendant arrived at about 8 :50 p.m., when he was arrested.

The testimony of Myrann and Odom was presented by defendant at the hearing of his motion; that of Wills as to his conversations and contact with defendant's wife by the People.

The argument by defendant's counsel at the hearing of the motion was directed to the evidence seen by Myrann in the yard. While Odom's entry into the house was mentioned, it was mentioned only as it might affect the legality of Myrann's coming upon the premises as a consequence of which he saw the growing marijuana.

We do not have before us the transcript of the testimony at the preliminary hearing prior to the filing of the original information; so far as the record shows, that transcript was not considered by the superior court in passing upon the motion under section 1538.5, Penal Code.

It is difficult to suppose that the district attorney would not have charged defendant with possession of marijuana if the contraband found in the house had been permitted in evidence by the committing magistrate.

It seems clear, therefore, either that the committing magistrate had ruled inadmissible the contraband found in the house, or that no attempt had been made to obtain its admission into evidence. In either event, since the notice of motion did not specify that it was directed to such evidence, the

reasonable conclusion is that such physical evidence was not the object of defendant's attack in presenting his motion. That being so, he has not prior to conviction moved for the return of such contraband or the suppression of it as evidence as required in order to appeal under section 1538.5, subdivision (m), Penal Code.

It is unnecessary to discuss whether the growing plants were legally viewed by Myrann, or whether defendant's wife had the right to invite the officers into her husband's house.[2]

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

---

[2] "Neither husband nor wife has any interest in the property of the other, but neither can be excluded from the other's dwelling except that in actions or proceedings for divorce, annulment of marriage or separate maintenance, the court may make orders for temporary exclusion of either party from the family dwelling or from the dwelling of the other, until the final determination of the action." (Civ. Code, § 157.)