[Crim. No. 16699. Second Dist., Div. Four. May 20, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT E. WARBURTON, Defendant and Appellant.

## Counsel

Stapleton & Isen, Stapleton & Miller, F. G. Stapleton and Gerald F. Miller for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**FILES, P. J.**—An indictment charged defendant with nine counts of violation of Penal Code section 487, subdivision 1 (grand theft), and eight counts of violation of Corporations Code section 3020 (incomplete or false records). All of the charges arose out of defendant's dealings in municipal bonds, in connection with a corporation named R. E. Warburton Co., Inc.

Following arraignment in the superior court defendant made a motion under Penal Code section 995 to dismiss the indictment, and a motion under Penal Code section 1538.5 to suppress certain evidence upon the ground it had been obtained as a result of an illegal search and seizure. Both motions were denied. Defendant then pleaded nolo contendere to two counts of grand theft. Defendant was sentenced to state prison on those counts, and the other charges were dismissed.

### Availability of Appeal

The notice of appeal states that defendant appeals from the judgment "and in particular, from the denials of his motions in this action made pursuant to Sec. 995 and Sec. 1538.5, Penal Code."

Penal Code section 1237 specifies what appeals may be taken by a defendant. That section does not authorize a separate appeal from the kinds of orders referred to in defendant's notice. The purported appeals from the orders must therefore be dismissed.

Section 1237 authorizes an appeal "From a final judgment of conviction except as provided in Section 1237.5."

Section 1237.5, which was added in 1965, prohibits an appeal from a judgment upon a plea of guilty or nolo contendere except where the defendant has requested and the court has filed a certificate of probable cause.[1] The purpose of that limitation is to prevent frivolous appeals, having no possible legal basis after the defendant has pleaded guilty or nolo contendere. (*People* v. *Ward* (1967) 66 Cal.2d 571, 575 [58 Cal.Rptr. 313, 426 P.2d 881].) It is not the purpose of the statute to shut off an appeal from a judgment, even after a guilty plea, where the defendant is raising a bona fide reviewable issue.

---

[1]Penal Code section 1237.5: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

The record on appeal does not contain a certificate of probable cause, as it should if one had been filed. (Cal. Rules of Court, rule 33(a)(1).) Nevertheless the clerk prepared a record and the superior court certified it. Defendant has an issue (as we shall point óut below) which is reviewable despite his nolo plea. Had defendant requested a certificate of probable cause, it would have been an abuse of discretion for the superior court to have refused it. Under these circumstances some appellate courts have held that compliance with section 1237.5 is not required. (See *Moran* v. *St. John* (1968) 267 Cal.App.2d 474 [73 Cal.Rptr. 190]; *People* v. *Rose* (1968) 267 Cal.App.2d 648 [73 Cal.Rptr. 349].) Though such a practice is squarely contrary to the statute (see fn. 1), and presents some practical difficulty,[2] it is consistent with the rationale of *People* v. *Ward, supra,* 66 Cal.2d 571. It was doubtless in reliance upon those cases that defendant's counsel refrained from requesting a certificate, and that the clerk of the superior court prepared the record on appeal. We must therefore consider the appeal from the judgment to be properly here.

### Scope of Review

The next problem is to determine the scope of the review which is available to defendant after having pleaded nolo contendere. Defendant's brief argues two main points: (1) the trial court should have granted his motion under Penal Code section 1538.5 to suppress certain evidence; and (2) the trial court should have granted his motion under Penal Code section 995 to set aside the indictment upon the ground that the admissible evidence before the grand jury did not show reasonable or probable cause.

■ Penal Code section 1538.5, enacted in 1967, provides a special pretrial motion "to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure" upon stated grounds. The section also states the manner in which the trial court's ruling on that motion may be reviewed by an appellate court. Subdivision (m) of section 1538.5 contains this language: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty."

Here defendant pleaded nolo contendere. Penal Code section 1016, sub-

---

[2] The practical difficulty is that when notice of appeal is filed after a guilty plea the superior court clerk must either decide for himself what the defendant's grounds of appeal are or the clerk must prepare a record in every case in which a notice of appeal is filed, despite the language of section 1237.5. That section provides a simple and practical way by which the defendant can make known the issue he wants to raise on appeal. If he files a statement in the superior court showing he has such an issue, a certificate should be granted routinely. If the superior court should refuse improperly, relief by mandate would be available.

division 3, provides "The legal effect of such plea [nolo contendere] shall be the same as that of a plea of guilty, . . ." We conclude, therefore, that under section 1538.5, subdivision (m), defendant is entitled to a review of the decision of the superior court denying his pretrial motion to suppress.

■ The legal sufficiency of the evidence before the grand jury is another kind of issue. ■ It is the rule that a plea of guilty is an admission of every element of the offense, so that no other proof is necessary. (See *People* v. *Ward* (1967) 66 Cal.2d 571, 574-575 [58 Cal.Rptr. 313, 426 P.2d 881]; *People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577].) A judgment entered upon such a plea is not reviewable on the merits. Even though the judgment is appealable, "irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed." (*People* v. *Laudermilk* (1967) 67 Cal.2d 272, 281-282 [61 Cal.Rptr. 644, 431 P.2d 228]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182].)

■ Considering the nature of the plea of nolo contendere, as defined in Penal Code section 1016, *supra,* a conviction based on that plea is no more subject to review than one based upon a guilty plea.

■ The claimed insufficiency of the evidence before the grand jury is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense. Penal Code section 995 gives the defendant the opportunity to challenge the regularity of the grand jury proceedings or the preliminary examination, as well as the existence of probable cause, by motion prior to entering his plea. Penal Code section 996 provides that if such a motion is not made, "the defendant is precluded from afterwards taking the objections mentioned" in section 995. Numerous decisions of the courts have consistently held that failure to make a timely motion under section 995 constitutes a waiver of any further review of such issues (see, e.g., *People* v. *Harris* (1967) 67 Cal.2d 866, 870 [64 Cal.Rptr. 313, 434 P.2d 609] (lack of counsel at preliminary examination); *People* v. *Dupree* (1957) 156 Cal.App.2d 60, 66 [319 P.2d 39] (lack of probable cause to indict)). ■ Insufficiency of the evidence before the grand jury or at the preliminary examination is "jurisdictional" in the special procedural sense that the ruling of the trial court may be reviewed by writ of prohibition under Penal Code section 999a. (See *Guerin* v. *Superior Court* (1969) 269 Cal.App.2d 80, 83 [75 Cal.Rptr. 923].) But the defect is not jurisdictional in the fundamental sense, because, as the cases cited above demonstrate, it is subject to waiver.

■ *In re Wells* (1967) 67 Cal.2d 873 [64 Cal.Rptr. 317, 434 P.2d 613] was a collateral attack upon a conviction in which the petitioner claimed he was not apprised of his right to counsel at the preliminary examination. The Supreme Court said (at p. 875): "But assuming that petitioner

was not then represented, his petition nevertheless lacks merit because he did not move to set aside the information, although he was represented by counsel in all subsequent proceedings. (Pen. Code, § 995.) As we explain in *People* v. *Harris, ante,* p. 866 [64 Cal.Rptr. 313, 434 P.2d 609], petitioner thereby waived his statutory right to question the legality of his commitment. (Pen. Code, § 996.) *Petitioner's plea of guilty, entered with the advice of counsel, also precludes raising this contention.*" (Italics added.)

The rationale of the *Harris* and *Wells* cases appears equally applicable to the claim of insufficient evidence before the grand jury.

If the lack of probable cause is waived by failure to make a motion under section 995, *a fortiori* it is waived by a plea of guilty or nolo contendere. If an indictment is dismissed by the trial court for lack of probable cause, the People may file again if additional evidence is available. It is a reasonable assumption that a defendant will not plead guilty or nolo contendere unless he is satisfied that the People do have sufficient evidence at least to hold him for trial. No reason has been suggested why a defendant should be permitted to enter a plea of guilty or nolo contendere, and thereafter seek appellate review of whether the evidence before the grand jury indicated probable cause to hold him to answer.

■ We conclude that the reviewability of the ruling on the motion to suppress evidence under section 1538.5 is an exception to the long-established rule limiting review of convictions based on guilty pleas. The availability of the review authorized by subdivision (m) of section 1538.5 does not open up other issues which, under settled law, are put to rest by the defendant's plea.

■ We are aware that in *People* v. *Clark* (1969) 2 Cal.App.3d 510 [82 Cal.Rptr. 682], which was an appeal from a judgment based on a guilty plea following a denial of a motion under section 1538.5, the court did review an issue not related to the validity of a search or seizure. The court did not discuss, and apparently did not consider, whether the defendant was entitled to raise the other issue. The case therefore is not authority supporting such a review. Cases are not authority for questions not presented or considered. (*General Motors Accept. Corp.* v. *Kyle* (1960) 54 Cal.2d 101, 114 [4 Cal.Rptr. 496, 351 P.2d 768].)

Defendant is thus not entitled to any review on his contention that the evidence before the grand jury was insufficient to establish probable cause for the indictment.

### The Claim of Illegal Search

■ The evidence which defendant desires to suppress consists entirely

of business records and papers produced by banks, securities brokers, and others in response to subpenas duces tecum issued by the Commissioner of Corporations, or by the district attorney. None of the subpenas was addressed to defendant, and there is no claim that any of the records and papers subpenaed were the property of defendant or were taken from his possession or that he was the holder of a privilege against the admission of any of them.

Defendant's contention is that these subpenas duces tecum were issued and served contrary to the provisions of statutes which defendant claims were applicable. Defendant's criticisms of the subpenas are (1) they were not supported by an application containing an affidavit showing good cause; (2) the things to be produced were not described with sufficient particularity; (3) no supporting affidavit was served with the subpena; (4) the district attorney issued a grand jury subpena for the purpose of obtaining records for inspection by the Commissioner of Corporations.

It does not appear that any of the persons to whom the subpenas were addressed made any objection to producing the records and papers demanded. The fact is that the persons who were subpenaed did comply without raising the legal issues which defendant wished to litigate. Under these circumstances it is not necessary for us to consider whether there is any legal merit in any of the alleged defects in the subpena procedure because such alleged defects do not constitute a ground for excluding or suppressing the documents on defendant's motion.

Defendant invokes the doctrine that illegally obtained evidence must be excluded in a criminal prosecution (citing *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]); but he has not cited any authority for the use of that rule to exclude evidence produced by non-party witnesses who have been called under defective subpenas which the witnesses themselves honored without objection.

In the absence of authority directly in point, defendant has constructed an argument from a sequence of established propositions. He points out that enforcement of an order to produce a man's private papers to establish a criminal charge against him is a search within the scope of the Fourth Amendment (*Boyd* v. *United States* (1886) 116 U.S. 616 [29 L.Ed. 746, 6 S.Ct. 524]); a subpena may constitute an unreasonable search if it is "far too sweeping in its terms" (see *Hale* v. *Henkel* (1906) 201 U.S. 43, 76 [50 L.Ed. 652, 666, 26 S.Ct. 370]); and a defendant in a criminal case has standing to object to the use of evidence obtained by violating the constitutional rights of others (*People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855]).

In the *Martin* case, officers entered an office building, where they seized bookmaking paraphernalia. The Attorney General contended that since the defendant disclaimed any interest in the premises and in the property seized, he had no standing to challenge the legality of the seizures. The Supreme Court rejected this contention, pointing out "that the purpose of the exclusionary rule is not to provide redress or punishment for a past wrong, but to deter lawless enforcement of the law" and a defendant's "right to object to the use of the evidence must rest, not on a violation of his own constitutional rights, but on the ground that the government must not be allowed to profit by its own wrong and thus encouraged in the lawless enforcement of the law." (45 Cal.2d at pp. 760, 761.)

In the case at bench defendant is arguing that the service of the subpenas was an illegal search of the person subpenaed, and that, under the *Martin* rule, defendant is entitled to have the evidence excluded.

The flaw in defendant's thesis here is that it uncritically equates serving a subpena duces tecum with entering an office and forcibly seizing papers found there. When police unjustifiably enter an office and seize papers, privacy is irrevocably destroyed. But the issuance and service of a subpena do not, by themselves, invade the private papers of anyone. If the person having custody of the papers believes the subpena is defective, and he is unwilling to waive the defect by his voluntary compliance, he may make a motion to quash the subpena (see *Southern Pac. Co.* v. *Superior Court* (1940) 15 Cal.2d 206, 209 [100 P.2d 302, 130 A.L.R. 323]) or he may refuse to comply and present his excuse when enforcement is attempted against him (*C. S. Smith Met. Market Co.* v. *Superior Court* (1940) 16 Cal.2d 226 [106 P.2d 414]).

Where the custodian chooses to disregard defects in the process, and comes forward with the papers and records, his Fourth Amendment rights have not been invaded.

Therefore, the rationale of the *Martin* opinion—that we exclude the evidence to discourage unlawful police conduct—does not apply here.

 Finally, we emphasize that this appeal does not involve the admissibility of evidence generally. The only ground of exclusion that defendant was entitled to raise under Penal Code section 1538.5, and the only ground he is entitled to have reviewed on his appeal following a nolo contendere plea, is that the evidence was obtained as a result of an unreasonable search and seizure. Had defendant wished to contest on other grounds the admissibility of the evidence used against him, he could have pleaded not guilty and, in a trial, made his objections as the evidence was offered. Had he been convicted after a trial, he could have tested on

appeal both the admissibility and sufficiency of the evidence received at the trial and the sufficiency of the admissible evidence before the grand jury. (*People* v. *Ketchel* (1963) 59 Cal.2d 503, 531 [30 Cal.Rptr. 538, 381 P.2d 394].)

Our conclusion is that when the custodian of records and papers produces them in response to a subpena duces tecum, without questioning the regularity of the supena procedure, the defendant is not entitled to a suppression of that evidence under Penal Code section 1538.5 upon the grounds asserted in this case.

The purported appeals from the orders are dismissed.

The judgment is affirmed.

Jefferson, J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1970. Peters, J., was of the opinion that the petition should be granted.