Filed 4/9/13  P. v. Torres CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTONIO TORRES,<br><br>    Defendant and Appellant. | F064493<br><br>(Super. Ct. No. MF009853A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Cornell, J., and Peña, J.

**FACTS AND PROCEEDINGS**

**Amended Information**

Appellant, Antonio Torres, was charged in an amended information filed on February 7, 2012, with two counts of attempted carjacking (Pen. Code, §§ 664 & 215, subd. (a), counts 1 & 2),[1] two counts of assault with a firearm (§ 245, subd. (a)(2), counts 3 & 4), possession of a firearm by a convicted felon (§ 12021, subd. (a)(1), count 5), and possession of ammunition by a convicted felon (§ 12316, subd. (b)(1), count 6). Counts 1 and 2 alleged that appellant personally used and discharged a firearm in the commission of those offenses (§ 12022.53, subds. (b) & (c)). The amended information further alleged that appellant had two prior prison term enhancements (§ 667.5, subd. (b)) and a prior serious felony conviction under the three strikes law (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)).

*Facts and Suppression Motion*

At 9:30 p.m. on October 30, 2011, Sara Strack was driving down Dixie Street in Rosamond with her husband. While she was slowing down to turn at an intersection, appellant came up to Strack's husband and pointed a gun at his head. Strack stopped the car, pulled out a knife, and pointed it at appellant. Appellant pointed the gun at Strack, said he was not playing, and shot a round in the air. Strack described the weapon as a little black gun.

Strack's husband had a struggle with the man and jumped back in the car. According to Strack, her husband expressed: "[h]e's all run him over, run him over." Strack tried to turn the car and appellant fired another shot that struck a passenger's door of the car.

---

[1] All statutory references are to the Penal Code.

2

On February 15, 2012, the court conducted a section 1538.5 hearing on appellant's suppression motion. Deputy Shawn Mountjoy of the Kern County Sheriff's Department was dispatched at 9:25 p.m. on October 30, 2011, to the scene of the attempted carjacking which occurred at the 2600 block of Dixie Street. When Mountjoy heard the suspect's description during the dispatch, he believed it matched appellant's description.

Mountjoy knew where appellant lived based on prior contacts with him for disturbing the peace and "different crime reports." Appellant was living on the 2600 block of Dixie Street.

Mountjoy went to an apartment where Anthony Nunez lived. Mountjoy knew Nunez was on probation with a search condition. A few weeks earlier, Mountjoy had confirmed that Nunez was still on probation. Mountjoy went to Nunez's residence and informed Nunez that he was conducting a probation search. Mountjoy confirmed that Nunez was still on probation. Nunez and his wife granted permission for Mountjoy to enter the residence.

When Mountjoy went into Nunez's bedroom, he saw appellant lying on the floor. Mountjoy retrieved a .25-caliber handgun in a clothes basket in the bedroom. Several weeks later, Mountjoy learned that Nunez did not have a search condition for stolen property. The trial court denied the suppression motion.

*Plea Agreement*

Appellant accepted a plea bargain. Under the terms of the agreement, appellant would admit one count of attempted carjacking, the allegation that he had a prior serious felony conviction within the meaning of the three strikes law, and an amended allegation that he used a gun in violation of section 12022.5, subdivision (a). Appellant would receive a stipulated sentence of nine years for attempted carjacking plus ten years for the gun use enhancement.

3

Appellant initialed and executed a felony advisement, waiver of rights, and plea form that set forth the terms of the plea agreement, the consequences of the plea, and advisements of appellant's constitutional rights pursuant to *Boykin/Tahl*.[2] Appellant acknowledged and waived his constitutional rights in the plea form. Appellant acknowledged at the hearing that he had gone over his rights with his attorney, he understood his rights, and that he initialed and signed the plea form. The parties stipulated that the police reports constituted a factual basis for the plea.

Appellant pled no contest to count 1 and admitted the allegation that he had a prior serious felony conviction. Appellant also admitted the amended gun use enhancement. The remaining allegations were dismissed. The parties waived a formal probation report and the court sentenced appellant to prison for the stipulated term of 19 years. The court granted custody credits of 124 days and conduct credits of 19 days for 143 total days of custody credits.

Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on August 1, 2012, we invited appellant to submit additional briefing.

---

[2]   *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

Appellant replied with a short letter challenging the absence of any witnesses on his behalf at the suppression hearing, inconsistent statements in the police reports, the fact that he was not under any parole or probation search terms, and the assertion that he did not fit the description of the assailant. Appellant also asks this court to reconsider his suppression motion.

Appellant's contentions fall into two categories. The first involves his challenges to the trial court's ruling on his suppression motion. The second involves potential defenses based on alleged inconsistencies in the police reports and the description of the assailant.

Although appellant may not have been under any parole or probation search conditions at the time of his arrest, he had taken refuge in the residence of Anthony Nunez who was under a probation search condition. Furthermore, according to the evidence submitted at the suppression hearing, Nunez and his wife granted their consent for Mountjoy to enter their home and conduct a probation search, whereupon appellant was discovered in the bedroom. The facts of the search were simple. We will not presume on appeal that defense counsel failed to call beneficial witnesses at the hearing.[3] We find no error in the trial court's ruling on the suppression motion.

---

[3]    The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or, unless there simply could be no satisfactory explanation. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in

Appellant contends that he may have had defenses to the allegations and further implies his innocence to the allegations. Appellant, however, admitted count 1, an allegation that he had a prior serious felony conviction, and a gun use enhancement. A guilty plea is, for most purposes, the legal equivalent of a jury's guilty verdict. (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.) A guilty plea serves as a stipulation that the People need not introduce proof to support the accusation. The plea ipso facto supplies both evidence and verdict and is deemed to constitute an admission of every element of the charged offense. (*People v. Alfaro* (1986) 42 Cal.3d 627, 636 [overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343]; *People v. Chadd* (1981) 28 Cal.3d 739, 748.)

A plea of nolo contendere (or no contest) is legally equivalent to a guilty plea and also constitutes an admission of every element of the offense pled. (*People v. Warburton* (1970) 7 Cal.App.3d 815, 820-821.) We therefore reject appellant's contention that he had defenses to the allegations he admitted or was not guilty of them.

Finally, to the extent that appellant's letter can be construed as a challenge to the validity of the plea agreement, he is barred from making such a challenge because he failed to obtain a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.) Defendants cannot set aside their pleas merely because they change their minds or have buyer's remorse. (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1143-1144; *People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

---

tactics or to file motions which are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.) We find no evidence in the record on appeal that defense counsel's representation was ineffective.

**DISPOSITION**

The judgment is affirmed.