Filed 10/31/13  P. v. Hughley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066297 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 12CM0108) |
| ANDRE JAMES HUGHLEY, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes and Donna Tarter, Judges.[†]

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Kane, J. and Peña, J.

[†] Judge Barnes presided over appellant's change of plea hearing.  Judge Tarter sentenced appellant.

## INTRODUCTION

On September 7, 2012, a first amended information was filed alleging appellant, Andre James Hughley, committed an assault with intent to commit rape (Pen. Code, § 220, subd. (b), count 1),[1] rape (§ 261, subd. (a)(2), count 2), first degree burglary (§ 459, count 3), sexual penetration (§ 289, subd. (a)(1)(A), count 4), felony dissuasion of a witness (§ 136.1, subd. (a)(1), count 5), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 6).

On September 7, 2012, appellant entered into a plea agreement and waived his constitutional rights in court pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court explained the consequences of the change of plea to appellant and appellant waived a preliminary hearing on the newly added counts he was admitting. The parties acknowledged that there was a factual basis for the plea based on the sexual examination of the victim in the hospital and the police reports.[2] Appellant pled no contest as charged in the first amended information to counts 5 and 6.

On October 5, 2012, the trial court sentenced appellant to the midterm of three years on count 6 and to a consecutive term of eight months on count 5 for a total prison term of three years eight months. The court imposed a restitution fine of $720, granted

---

[1] All statutory references are to the Penal Code.

[2] The court granted the People's motion to dismiss counts 1 through 4 on the basis that there was insufficient evidence to support the allegations. An unrelated misdemeanor case was also dismissed. Defense counsel stipulated that the factual basis for count 6 was the SART examination given by a hospital nurse as part of a sexual examination of the victim, A.O. According to the probation report, A.O. and appellant had sexual intercourse in the early hours of January 14, 2012. The SART examination indicated that A.O. had tenderness to her posterior fouchette, which is common in cases in which sexual intercourse is not planned and the penis has been striking the bottom of the vagina. Defense counsel further represented that the factual basis for appellant's admission of count 5 were letters he wrote to a potential witness seeking to have that witness tell A.O. to dismiss the charges.

custody credits of 266 days for time served in jail and 266 days of custody credits, for total credits of 532 days.**3** Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 28, 2013, we invited appellant to submit additional briefing.

Appellant replied with a letter stating that he was unaware the two counts he admitted could be given consecutive sentences. Appellant also challenges the victim's veracity. Appellant was informed by the trial court prior to changing his plea that the maximum sentence he could receive was four years eight months. The parties did not stipulate to a specific sentence. Appellant's trial counsel reserved the right to argue that appellant be placed on probation. Appellant received a sentence one year less in length than the maximum exposure he was advised he could receive. We find that even if it was error for the court to fail to inform appellant that his potential sentence on counts 5 and 6 could be consecutive, any error was harmless because the court accurately advised him of the consequences of his plea.

---

**3** We note appellant's last name is misspelled on the abstract of judgment as "Hugley" when throughout the rest of the record it is spelled as "Hughley." This is a clerical error that can be corrected at any time, including on appeal. (*People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.) We will remand to the trial court to amend the abstract of judgment.

Appellant further challenges the veracity of the victim. This appears to be a challenge to the factual basis for appellant's no contest plea. We initially note that appellant has failed to obtain a certificate of probable cause and cannot challenge alleged defects in his plea agreement. (*People v. Panizzon* (1996) 13 Cal.4th 68.) Furthermore, a guilty plea is, for most purposes, the legal equivalent of a jury's guilty verdict. (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.) A guilty plea serves as a stipulation that the People need not introduce proof to support the accusation. The plea ipso facto supplies both evidence and verdict and is deemed to constitute an admission of every element of the charged offense. (*People v. Alfaro* (1986) 42 Cal.3d 627, 636 [overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343]; *People v. Chadd* (1981) 28 Cal.3d 739, 748.) A plea of nolo contendere is legally equivalent to a guilty plea and also constitutes an admission of every element of the offense pled. (*People v. Warburton* (1970) 7 Cal.App.3d 815, 820-821.)

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The case is remanded to the trial court to amend the abstract of judgment to show that appellant's last name is "Hughley." The trial court shall forward the amended abstract of judgment to the appropriate authorities. The judgment is affirmed.