Filed 12/29/14  P. v. Featherstone CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES RICHARD FEATHERSTONE,<br><br>    Defendant and Appellant. | C073675<br><br>(Super. Ct. No. CM034944) |

Appointed counsel for defendant James Richard Featherstone asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## I

### *Factual and Procedural Background*

On October 20, 2011, defendant pled no contest to driving under the influence of alcohol (Veh. Code § 23152, subd. (a)) and admitted serving seven prior prison terms

(Pen. Code § 667.5, subd. (b)[1]) in exchange for dismissal of all remaining charges and allegations against him with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

After conducting a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), the trial court denied defendant's motions to substitute counsel and to withdraw his plea.

On March 14, 2012, the trial court denied probation, sentenced defendant to serve 10 years in prison (to be served locally pursuant to section 1170, subdivision (h)(5)(B)), imposed various fees, fines, and assessments, and awarded defendant 434 days of presentence custody credit (217 actual plus 217 conduct).

On March 19, 2012, defendant filed a petition for writ of habeas corpus seeking relief from alleged ineffective assistance of counsel and from the trial court's denial of his *Marsden* and plea withdrawal motions.

On March 20, 2012, defendant filed a notice of appeal of the March 14, 2012 judgment. His request for a certificate of probable cause was denied.

On March 22, 2012, the court denied defendant's habeas corpus petition based, in part, on a lack of jurisdiction due to defendant's pending appeal.

On March 29, 2012, defendant filed a second petition for writ of habeas corpus seeking relief from alleged ineffective assistance of counsel.

On April 2, 2012, the court denied defendant's second habeas corpus petition based, in part, on defendant's failure to demonstrate prejudice.

On April 18, 2012, defendant filed a third petition for writ of habeas corpus seeking relief from the alleged denial by the Butte County Sheriff's Department of defendant's access to "alternative custody programs."

On April 20, 2012, the court denied defendant's third habeas corpus petition.

---

[1]     Undesignated statutory references are to the Penal Code.

On June 20, 2012, defendant filed a fourth petition for writ of habeas corpus seeking relief from alleged denial of health care.

On July 9, 2012, defendant filed a fifth petition for writ of habeas corpus seeking pro per status.

On September 5, 2012, the court denied defendant's fourth habeas corpus petition.

On September 6, 2012, the court denied defendant's fifth habeas corpus petition.

On October 12, 2012, defendant filed a petition for writ of mandate in this court.[2] We issued an order denying the petition on October 25, 2012.

On November 1, 2012, the People filed a motion for sentence reconsideration and commitment to California Department of Corrections and Rehabilitation on the ground defendant's conviction for driving under the influence with a prior felony conviction within 10 years excepts him from section 1170, subdivision (h), and requires that he be committed to state prison.

On November 6, 2012, defendant filed a motion to withdraw his no contest plea in light of the People's motion for sentence reconsideration.

On January 23, 2013, defendant filed a sixth petition for writ of habeas corpus seeking relief from alleged denial by the Butte County Jail of "any and all programs of alternative custody supervision."

On February 5, 2013, the court denied defendant's sixth habeas corpus petition.

On February 26, 2013, defendant filed a petition for writ of error *coram nobis* requesting that the court vacate its March 14, 2012 judgment as "illegal."

On March 4, 2013, the court denied defendant's *coram nobis* petition without prejudice, stating, "Defendant's commitment will be addressed on March 20, 2013."

---

**2** Because the record contains only an unfiled copy of defendant's petition, we take judicial notice of our own files, which reflect the document was filed October 12, 2012, and our order denying the petition was issued on October 25, 2012 (see case No. C072205).

On March 26, 2013, defendant filed a motion for modification of sentence seeking dismissal of the seven prior prison term enhancements and imposition of a three-year term with credit for time served.

On April 10, 2013, the court granted the People's motion for sentence reconsideration, finding the original sentence was "incorrect and defendant should have been sentenced to state prison." The court denied defendant's motion to withdraw his plea.

On April 17, 2013, the court denied defendant's motion to modify the sentence and adopted its prior sentence as previously imposed but with several additional conditions, including that defendant be committed to state prison "as opposed to county prison." The court modified the fees and fines imposed, and awarded defendant 1,232 days of presentence custody credit.

On April 23, 2013, defendant filed a timely notice of appeal of the court's April 17, 2013 order. His request for a certificate of probable cause was denied.

On July 10, 2013, defendant filed a petition for writ of error *coram vobis*[3] in this court.

On September 25, 2013, this court issued an order to show cause regarding defendant's petition for writ of error *coram vobis* and instructed the trial court to treat it as a petition for writ of habeas corpus.

On January 22, 2014, the trial court conducted a hearing on defendant's motion to withdraw his plea, his motion to modify the sentence, and his seventh petition for writ of habeas corpus. Defendant testified he entered the no contest plea with the understanding he "would be eligible for county prison" and "for residential treatment and alternative

---

**3**     Again, the record does not contain a copy of defendant's petition. However, we take judicial notice of our own files, which reflect defendant filed the petition for writ of error *coram vobis* on July 10, 2013 (see related case No. C074181), and we instructed that such petition be treated as a petition for writ of habeas corpus.

4

custody supervision . . . and early release." Defendant further testified that, had he known he would be sentenced to state prison as opposed to county jail, he would not have entered the plea. On cross-examination, defendant acknowledged reading and understanding the plea form that indicated he "would be sent to state prison, in fact, not county prison." Although represented by counsel, defendant argued on his own behalf that he suffered prejudice by virtue of being given incorrect advice regarding where he would serve his time after entering his no contest plea. The court took the matter under submission.

On February 5, 2014, the trial court denied defendant's motion to withdraw his plea. The court also denied defendant's seventh habeas corpus petition, and further denied his motion to modify his sentence as untimely.

On February 10, 2014, defendant filed a timely notice of appeal of the court's February 5, 2014 order. His request for a certificate of probable cause was denied.

## II

### *Defendant's Supplemental Brief*

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief requesting that (1) we "review [defendant's] attempts to obtain a certificate of probable cause in Butte County case No. CM034944, DCA case Nos. C073675 and C073900," and stating: "[Defendant] submitted to Butte County jail staff a petition for writ of mandate to be mailed by U.S. mail to the Supreme Court of California twice, once on Jan[uary] 19, 2014 and again on Feb[ruary] 04, 2014. These copies of [defendant's] petition for writ of mandate were not received by that court. (Please see attached copy of petition, proof of service, and letter from Supreme

5

Court dated April 11, 2014.) [Defendant] has shown due diligence in timely filing for a certificate of probable cause, which would prove fatal if not issued."

Defendant's supplemental brief further requests that (2) we "review" the reporter's transcript of the January 22, 2014 hearing on his motion to withdraw his plea, and states: "This argument clearly reflects [defendant's] belief and reasoning in this appeal."

Defendant's first request refers to matters that are not part of the record on appeal. " '[O]ur review on direct appeal is limited to the appellate record.' [Citation.] . . . '[B]ecause defendant's claim is dependent upon evidence and matters not reflected in the record on appeal, we decline to consider it . . . .' [Citation.]" (*People v. Jenkins* (2000) 22 Cal.4th 900, 952; accord *People v. Szeto* (1981) 29 Cal.3d 20, 35; Cal. Rules of Court, rule 8.204(a)(2)(C).)

Moreover, once the trial court denied defendant a certificate of probable cause, his remedy was to seek review by petition for writ of mandate. (*In re Brown* (1973) 9 Cal.3d 679, 683, overruled in part by *People v. Mendez* (1999) 19 Cal.4th 1084, 1093; *People v. Warburton* (1970) 7 Cal.App.3d 815, 820, fn. 2.) Defendant requested a certificate of probable cause on March 14, 2012, April 23, 2013, and February 10, 2014. Each of those requests was denied by the trial court. Defendant filed one petition for writ of mandate on October 12, 2012, which we denied. This petition requested the trial court to "rule on a petition for writ of habeas corpus, order discovery, and grant relief prayed for." Notably, the petition did not challenge the trial court's denial of defendant's March 14, 2012 request for a certificate of probable cause. The record contains no subsequent petitions for writ of mandate.

As for defendant's second request that we review the denial of his motion to withdraw his plea, "a defendant who has filed a motion to withdraw a guilty plea that has been denied by the trial court still must secure a certificate of probable cause in order to challenge on appeal the validity of the guilty plea. [Citations.]" (*In re Chavez* (2003)

6

30 Cal.4th 643, 651.)  Here, defendant's request for a certificate of probable cause was denied.  Thus, that matter is not properly before us on appeal.

In any event, reviewing the record for error is precisely the function of an appeal filed pursuant to *Wende*, *supra*, 25 Cal.3d 436.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


       HOCH     , J.


We concur:


      BLEASE   , Acting P. J.


      MAURO   , J.