Filed 6/23/22  P. v. Robinson CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>           v.<br><br>MICHAEL RAY ROBINSON,<br><br>      Defendant and Appellant. | A156273<br><br>(Contra Costa County Super. Ct. No. 5-172175-2) |

Defendant Michael Ray Robinson appeals from a judgment imposed following his plea of no contest to two felonies—assault on a peace officer with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (d)(2)), and assault with a firearm (§ 245, subd. (a)(2)).  He also admitted that he had previously suffered a serious but not violent strike prior (§§ 667 subds. (d)–(e), 1170.12, subds. (b)–(c)).  The court sentenced him to the agreed term of 16 years in prison.  He was also ordered to pay various fines and fees, which the court later waived pursuant to section 1237.2 and *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  Robinson obtained a certificate of probable cause and

---

[1] Undesignated statutory references are to the Penal Code.

timely appealed.[2]  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating she has found no arguable issues and requesting that this court review the record independently.  We have done so and found no meritorious issues warranting further briefing.  We therefore affirm.

## I. BACKGROUND

The People charged Robinson with a nine-count amended information, alleging multiple sentencing enhancements, for his involvement in two incidents.  The first occurred on March 9, 2017, when Robinson became involved in a verbal altercation with the victim.  The victim testified that Robinson slapped her, then she pushed or hit him in response, at which point Robinson said he would shoot her and walked off.  The victim then heard gunshots, one of which flew past her face.  The victim thereafter hid in her room, and Robinson banged on its window.

The hotel manager (in whose hotel the incident took place) testified that he saw the victim punch Robinson and that he then he separated the two, at which point Robinson returned with a gun, and fired his gun at a wall (although not in the direction of the victim).

The second incident took place on June 9, 2017, and occurred at Robinson's residence.  The prosecution's case included the testimony of a peace officer who testified that he and another officer responded to the sound of gunshots in the City of Richmond.  Although they did not locate the

---

[2] Under section 1237.5, with exceptions not applicable here, a defendant cannot appeal from a judgment of conviction based on a plea of no contest without first obtaining from the trial court a certificate of probable cause based on a showing of reasonable constitutional, jurisdictional, or other grounds for appeal going to the legality of the proceedings.  (*People v. Johnson* (2009) 47 Cal.4th 668, 676–677.)

2

shooter, a reporting party indicated that the shots were fired by Robinson from behind his residence. The non-testifying officer located a shell casing in Robinson's backyard. The officers went to Robinson's residence and arrested him.

Robinson's sister was also detained, and while seated in the back of the patrol car she said that while she and Robinson were outside, he had become intoxicated and angry over the breakup with his girlfriend. She stated Robinson soon went inside his residence and returned with two handguns. She further stated that she urged Robinson to put the handguns away because children were present, but instead Robinson responded by placing one of the guns to his head and pulling the trigger. He then left his residence with the gun at which point she lost sight of him.

A neighbor testified that after hearing gunshots and being told by her children that they had seen someone firing a gun, she looked outside her residence and saw Robinson point a gun at a female peace officer as she and other officers were checking the area for shots fired.

Another peace officer found three .45 caliber casings in Robinson's backyard, and also found eight expended .380 caliber casings in the front yard of the neighbor's property.

While executing a search warrant the following day, officers found a loaded .380 caliber handgun, a .32 caliber revolver, and a box of .380 caliber ammunition in Robinson's residence. One of the officers spoke again with the neighbor who repeated that she saw Robinson point a handgun at a peace officer the previous day.

Robinson was charged in a nine-count amended information, the operative information in this appeal, that alleged as follows: one count of attempted murder (§§ 664, 187, subd. (a), count one); one count of assault

3

with a firearm (§ 245, subd. (a)(2), count two); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1), counts three and eight); two counts of possession of a firearm with a prior conviction for a violent offense (§ 29900, subd. (a)(1), counts four and nine); one count of assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2), count five); one count of exhibiting a firearm in the immediate presence of a peace officer (§ 417, subd. (c), count six); and one count of discharging a firearm with gross negligence (§ 246.3, subd. (a), count seven).

The amended information also charged the following enhancements: as to count one (§§ 664, 187, subd. (a)), it specially alleged that Robinson personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), causing count one to become both a serious felony (§ 1192.7, subd. (c)(8)) and a violent felony (§ 667.5, subd. (c)(8)); also, as to counts one (§§ 664, 187, subd. (a)), two (§ 245, subd. (a)(2)) and five (§ 245, subd. (d)(2)), it specially alleged that Robinson personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a), 12022.53, subd. (b)), thereby causing each of counts one, two, and five to become both a serious felony (§ 1192.7, subd. (c)(8)) and a violent felony (§ 667.5, subd. (c)(8)).

The amended information further alleged as follows: as to counts three and eight (§ 29800, subd. (a)(1)) and four and nine (§ 29900, subd. (a)(1)), Robinson previously suffered two serious and/or violent felonies—a 2005 conviction for assault with a deadly weapon other than a firearm with personal infliction of great bodily injury on a person (§§ 245, subd. (a)(1), 12022.7, subd. (a), a serious and violent felony) and a 2009 conviction for assault with a firearm on a peace officer (§ 245, subd. (d)(1), a serious felony)—and used a firearm and/or was armed with a firearm in the

4

commission of the current offense within the meaning of the "Three Strikes" law (§ 1170.12, subd. (c)(2)(C)(iii)).

Finally, as to counts six (§ 417, subd. (c)) and seven (§ 246.3, subd. (a)), the amended information alleged that Robinson "personally used a firearm within the meaning of sections 667 and 1192.7 of the Penal Code." (§ 969f.) As to counts one (§§ 664, 187, subd. (a)), two (§ 245, subd. (a)(2)), five (§ 245, subd. (d)(2)), six (§ 417, subd. (c)) and seven (§ 246.3, subd. (a)), the amended information alleged that Robinson suffered the previously indicated 2005 conviction for assault with a deadly weapon other than a firearm with personal infliction of great bodily injury on a person (§§ 245, subd. (a)(1), 12022.7, subd. (a), a serious and violent felony) and the 2009 conviction for assault with a firearm on a peace officer (§ 245, subd. (d)(1), a serious felony) within the meaning of section 667, subdivision (a)(1).

As to all nine counts, the amended information alleged that Robinson suffered the 2005 conviction for assault with a deadly weapon other than a firearm with personal infliction of great bodily injury on a person (§§ 245, subd. (a)(1), 12022.7, subd. (a), a serious and violent felony) and the 2009 conviction for assault with a firearm on a peace officer (§ 245, subd. (d)(1), a serious felony) within the meaning of the Three Strikes law. (§§ 667, subds. (d)–(e), 1170.12, subds. (b)–(c).) The amended information further alleged as to all nine counts that Robinson suffered the 2009 conviction for assault with a firearm on a peace officer (§ 245, subd. (d)(1)) within the meaning of section 667.5, subdivision (b).

On October 24, 2018, Robinson pleaded no contest to one count of assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2), count five) and one count of assault with a firearm (§ 245, subd. (a)(2), count two); he also admitted that he had suffered a serious but not violent strike

5

prior. Robinson agreed to a 16-year state prison sentence. The trial court confirmed that Robinson understood the plea form; that he had discussed it with his trial counsel; that the initials and signature on the form were his; and found his plea to be knowing, intelligent and voluntary.

At a November 15, 2018 sentencing hearing, the trial court imposed the agreed-upon disposition of 16 years in state prison as follows: as to count five (§ 245, subd. (d)(2)), the court imposed the midterm of seven years in state prison; as to count two (§ 245, subd. (a)(2)), the court imposed one-third the midterm of three years in state prison (i.e., one year), to run consecutive to the term imposed as to count five, for a total of eight years in state prison. The sentence was doubled by virtue of the admitted strike prior, pursuant to the Three Strikes law, for a total term of 16 years in state prison.

In a certificate of probable cause, Robinson alleged that he received ineffective assistance of counsel because his trial counsel failed to file a motion to dismiss pursuant to section 995 and failed properly to advise him of applicable sentencing law.

## II. DISCUSSION

Appellate counsel's opening brief includes a declaration stating that she advised Robinson of her intention to file a *Wende* brief, and of Robinson's right to submit supplemental briefing on his own behalf. Robinson has not submitted any supplemental briefing.

We have reviewed the record and conclude there are no meritorious issues warranting further briefing. (*People v. Wende*, *supra*, 25 Cal.3d 436.) As relevant here, a section 995 motion to set aside may challenge one or more counts of an information (including penalty enhancements, special circumstance allegations and misdemeanors that are charged) arguing that the defendant "had been committed without reasonable or probable cause."

6

(§ 995, subd. (a)(2)(B).)  Robinson filed this motion below, arguing the prosecution failed to adduce sufficient evidence to support a holding order as to each of the nine charges.  But Robinson pleaded no contest before the motion was heard.  Robinson has therefore forfeited challenging this motion on appeal.  (*People v. Warburton* (1970) 7 Cal.App.3d 815, 822.)  As far as Robinson's claim that his counsel had failed to advise him of applicable sentencing law, the record is devoid of any such supporting evidence.  To the contrary, considering the gravity of Robinson's offenses and his lengthy and serious criminal history, the prison term Robinson obtained by virtue of his plea was both appropriate and consistent with the plea agreement.  Moreover, there is no issue as to the fines and fees imposed, as the court struck the fines and fees prior to our deciding this appeal.

## III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
NADLER, J.[*]

---

[*] Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7