Filed 2/17/15  P. v. Montgomery CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM F. MONTGOMERY,<br><br>    Defendant and Appellant. | A142342<br><br>(Napa County<br>Super. Ct. No. CR165007) |

    Defendant William F. Montgomery appeals from a judgment placing him on felony probation after he pleaded no contest to two counts of oral copulation on an unconscious person.  (Pen. Code, § 288a, subd. (f).)[1]  His court-appointed appellate counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

## I.  *FACTS AND PROCEDURAL HISTORY* [2]

    During the summer of 2008, defendant was friends with Jane Doe, who was then 17 years old, and her boyfriend Joshua.  The three of them sometimes spent the night in the "rumpus room" of Jane's house after watching a television program together, sleeping on the floor in three separate sleeping bags.  On two of these nights, defendant placed his

---

[1]  Further statutory references are to the Penal Code unless otherwise indicated.

[2]  The description of the underlying facts of the offense is taken from the preliminary hearing.

1

penis in Jane's mouth when she was sleeping and ejaculated. Jane, who was taking medication that made her drowsy, was not able to awaken fully to stop defendant.

Because of the friendship between Jane, defendant and Joshua, Jane did not initially say anything about what had happened. She reported the matter to the Napa County Sheriff's Office in August 2012, but because she was reluctant to do a pretext telephone call, a deputy drove her to the market where defendant worked so she could confront him directly. Defendant spoke to Jane in front of the deputy and acknowledged putting his penis in her mouth and ejaculating while she was asleep. He was placed under arrest and interviewed, at which time he admitted the two separate acts of oral copulation described by Jane and agreed to write an apology to her.

Defendant was charged by information with two counts of oral copulation of an unconscious person.[3] He entered a no contest plea to both counts and was placed on felony probation conditioned on 365 days in local custody. Defendant filed a motion to withdraw his plea on the day before the sentencing hearing, based on his recollection of additional facts regarding Jane's alertness at the time of his acts that he claimed would negate the element of unconsciousness. The court denied the motion in a post-sentencing hearing. Defendant filed a notice of appeal indicating his appeal was based on the denial of his motion to withdraw the plea, and sought a certificate of probable cause under section 1237.5. The court denied the request for a certificate of probable cause.

## II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that defendant has been advised of his right to file a supplemental brief, and that defendant did not file such a brief. We have independently reviewed the entire record for potential error and find none.

---

[3] Defendant, who was 17 years old when he committed the offenses, was initially charged as a juvenile. The case was transferred to adult court after a fitness hearing under Welfare and Institutions Code section 707.

2

The only ground for defendant's appeal is the denial of his motion to withdraw his no contest plea.  Because this is essentially an attack on the validity of the plea, he was required to obtain a certificate of probable cause under section 1237.5 to proceed with his appeal.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679; *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1187 (*Castelan*).)  When a certificate of probable cause is denied, as here, the remedy is to seek a writ of mandate requiring issuance of the certificate. (*Castelan*, at p. 1188.)  Defendant has not obtained a writ that would enable him to pursue the appeal on "certificate" grounds, and the notice of appeal does not identify any "noncertificate" grounds for challenging matters not affecting the validity of the plea. (See Cal. Rules of Court, rule 8.304(b)(4), formerly rule 31(d); *People v. Way* (2003) 113 Cal.App.4th 733, 736 (*Way*).)  The appeal is not operative.  (*Castelan*, at p. 1188; *Way*, at p. 736.)

We are satisfied defendant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

### III.  *DISPOSITION*

The appeal is dismissed.

_____
NEEDHAM, J.

We concur.

_____
SIMONS, Act. P. J.

_____
BRUINIERS, J.

3