Filed 7/21/16  P. v. Pyburn CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMIE PYBURN,<br><br>    Defendant and Appellant. | D069117<br><br><br><br>(Super. Ct. No. SCS271310) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Jamie Pyburn, in pro. per.; Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jamie Pyburn pled guilty to first degree robbery in violation of Penal Code sections 211 and 212.5, subdivision (a), and admitted one prison prior and one strike prior conviction, in exchange for dismissal of a charge of kidnapping for the purpose of

committing robbery (Pen. Code, § 209, subd. (b)(1)). The court imposed a stipulated prison sentence of 13 years.

STATEMENT OF FACTS AND PROCEDURE

Pyburn's mother, Reetta Pyburn,[1] told Bryan Tanana, whom she resided with for a short time, that she needed money and that Pyburn would escort Tanana to an ATM to get the money so that he would not call the police. Thereafter, Pyburn went with Tanana to an ATM where Tanana withdrew $100. Pyburn told Tanana that he wanted $20.

When they returned to Tanana's apartment, Reetta took $80 that Tanana had remaining after he bought beer. Reetta and Pyburn threatened Tanana and confined him to a bedroom. After Tanana attempted to escape, Pyburn and Reetta beat, gagged, tied, and placed him in a closet. Tanana was eventually able to escape and yelled to a nearby sheriff's deputy for help.

The People charged Pyburn with first degree robbery and kidnapping for the purpose of robbery. Approximately one week before trial, Pyburn pled guilty to first degree robbery and admitted one prison prior and one strike prior conviction. Thereafter, Pyburn moved to dismiss the charges against him and withdraw his guilty plea, arguing his "package-deal" plea was not voluntary and his counsel rendered ineffective assistance by failing to adequately investigate his case, communicate with him regarding evidence of text messages and phone calls that potentially supported his claim that he was defending his mother, and failing to bring a motion to dismiss the charges against him.

---

[1] Although Reetta Pyburn was a codefendant below, she is not a part of this appeal. She is referred to by her first name in this opinion to avoid confusion

The trial court denied Pyburn's motion and sentenced him to a 13-year term based on his plea agreement. The court also imposed various mandatory statutory assessments and a restitution fine in the amount of $300.

Pyburn appealed, challenging the validity of his plea and the denial of his motion to withdraw his guilty plea. The trial court denied Pyburn's request for a certificate of probable cause based on ineffective assistance and coercion in the plea process. Pyburn later filed an amended notice of appeal, indicating his appeal was based on his sentence or other matters occurring after his plea. Pyburn's amended notice of appeal also indicated his appeal challenged the validity of his plea and referred to his prior request for a certificate of probable cause, which had been denied.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks that this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has identified the following issues that "might arguably support the appeal" (*Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*)):  (1) whether the trial court abused its discretion or improperly denied Pyburn's motion to withdraw his guilty plea, (2) whether the trial court erred when it denied Pyburn's request for a certificate of probable cause, and (3) whether Pyburn's guilty plea was knowingly, voluntarily, and intelligently made.

We granted Pyburn permission to file a brief on his own behalf. He has responded and argues:  (1) his guilty plea was not voluntary because it was part of a "package deal" that resulted from coercion; (2) his counsel rendered ineffective assistance by failing to

3

properly investigate his case and defenses, prepare for trial, hire an investigator, file a motion to dismiss under Penal Code section 995, and communicate with him regarding potentially exonerating information; and (3) the prosecutor violated *Brady v. Maryland* (1963) 373 U.S. 83 by not disclosing text messages on his and Reetta's phones.

A review of the record pursuant to *Wende* and *Anders*, including the issues referred to by appellate counsel and the issues Pyburn has presented, has disclosed no reasonably arguable appellate issues. Moreover, the issues raised by counsel and Pyburn are not cognizable in the absence of a certificate of probable cause.

Counsel raised issues pertaining to Pyburn's guilty plea, the trial court's denial of Pyburn's motion to withdraw his guilty plea, and the trial court's failure to issue a certificate of probable cause. Denial of a certificate of probable cause is reviewable only by timely petition for a writ of mandate. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) Pyburn did not petition for writ of mandate. Without a certificate of probable cause, Pyburn cannot contest the validity of his plea; the only issues cognizable on appeal are issues relating to the validity of a denial of a motion to suppress or issues relating to matters arising after the plea was entered. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(4).) Moreover, even though a motion to withdraw a guilty plea involves a proceeding that occurs after the guilty plea, a certificate of probable cause is required to appeal the denial of the motion. (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)

Pyburn's supplemental brief solely raises issues that arose before he entered his guilty plea, including the voluntariness of his plea, ineffective assistance of counsel on

4

matters that occurred before his plea, and an alleged *Brady* violation.  We cannot review these arguments without a certificate of probable cause because they are beyond the limited issues that are reviewable on appeal from a conviction following a guilty plea. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8-9; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596.)  Further, Pyburn's claims of ineffective assistance of trial counsel and other challenges to his guilty plea, based on matters outside the record, must be raised by way of a petition for writ of habeas corpus and not by direct appeal.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; *People v. Williams* (2013) 56 Cal.4th 630, 690-691.)

Competent counsel has represented Pyburn on this appeal.

DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


NARES, Acting P. J.


O'ROURKE, J.

5