[No. C017765. Third Dist. Feb. 28, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR SOLORIO CASTELAN, Defendant and Appellant.

**COUNSEL**

Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Gregory W. Baugher, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—Defendant entered negotiated pleas of no contest to second degree murder, assault with a firearm, and shooting at an occupied motor vehicle. Defendant admitted allegations that he personally used a firearm in each offense.

On the date set for pronouncement of judgment and sentence, defendant moved to withdraw his plea on the ground "his free will was overcome" by "pressure from his attorney to plea[d] guilty." New counsel was appointed to assist on the motion and a hearing was scheduled. Following the hearing, the motion was denied. Defendant was sentenced to a state prison term of fifteen years to life for the murder plus five years for one of the enhancements for use of a firearm. Concurrent terms were imposed for the remaining counts. The two other enhancements for use of a firearm were stricken. Defendant was ordered housed at the California Youth Authority.

Defendant filed a notice of appeal in propria persona which failed to contain the statement required by Penal Code section 1237.5.[1] Thereafter, he timely filed a notice of appeal and statement in which he asserted the terms of his plea bargain had not been kept and he did not knowingly, intelligently, and voluntarily enter his pleas. Later, through his trial counsel, defendant timely filed a notice of appeal which stated: "This appeal is based on the sentence or other matters occurring after the plea." The trial court denied a certificate of probable cause to appeal. Defendant did not challenge the denial by way of writ of mandate. (See *In re Brown* (1973) 9 Cal.3d 679, 683 [108 Cal.Rptr. 801, 511 P.2d 1153].)

■ Counsel was appointed to represent defendant on appeal. Defendant has filed an opening brief containing a single contention: the trial court abused its discretion by denying his motion to withdraw his plea. Because defendant's "essential attack is on the validity of his plea, he is subject to [Penal Code] section 1237.5 even if he raises the question after the plea, by the vehicle of a motion to withdraw." (*People* v. *Manriquez* (1993) 18 Cal.App.4th 1167, 1170-1171 [22 Cal.Rptr.2d 779]; see *People* v. *Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308]; Cal. Rules of Court, rule 31(d).)

Defendant recognizes a certificate of probable cause is required and was denied, but argues his claim is reviewable on appeal because denial of the certificate of probable cause was an abuse of discretion. (Citing *People* v. *Warburton* (1970) 7 Cal.App.3d 815 [86 Cal.Rptr. 894] and *People* v. *Holland* (1978) 23 Cal.3d 77 [151 Cal.Rptr. 625, 588 P.2d 765].) He is wrong.

---

[1]Section 1237.5 provides in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . , except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

*People* v. *Warburton, supra,* 7 Cal.App.3d 815, accepted the suggestion of other courts that, in circumstances where "it would have been an abuse of discretion for the superior court to have refused" the certificate, "compliance with [Penal Code] section 1237.5 is not required." (*Id.* at p. 820, citing *Moran* v. *St. John* (1968) 267 Cal.App.2d 474 [73 Cal.Rptr. 190] and *People* v. *Rose* (1968) 267 Cal.App.2d 648 [73 Cal.Rptr. 349].) *Warburton* recognized it was indulging in a practice which was "squarely contrary to the statute" and "present[ed] some practical difficulty." (7 Cal.App.3d 820.)

Later, in *In re Brown, supra,* 9 Cal.3d 679, the Supreme Court ruled that where, as here, a certificate of probable cause has been denied, the appeal is not operative and the denial of the certificate must be reviewed by writ of mandate. *Brown* explained: "Section 1237.5 is designed to preclude 'frivolous appeals by requiring the defendant to set forth grounds for appeal and, if he does so, by requiring the trial court to rule on the issue of probable cause.' [Citation.] *Where a certificate of probable cause has been denied on the merits the remedy is to seek review of the propriety of the denial. On a timely application therefor, the writ of mandate lies.* [Citation.] Only when it has been adjudged that probable cause for appeal exists and the certificate has issued, either because the trial court has affirmatively responded to a defendant's declaration of probable cause or because a proper court has reviewed a trial court's denial and mandated the issuance of the certificate, may appellate review of the trial court proceedings on the merits be had." (*Id.* at p. 683, quoting *People* v. *Ribero, supra,* 4 Cal.3d at p. 62, italics added.) *Brown* was followed in *People* v. *Holland, supra,* 23 Cal.3d 77, which recognized that a trial court's refusal to issue a certificate of probable cause is reviewable by writ of mandate. (*Id.* at p. 84, fn. 6.)

In *Brown,* the court treated the defendant's petition for habeas corpus as a petition for writ of mandate. In *People* v. *Ballard* (1985) 174 Cal.App.3d 982 [220 Cal.Rptr. 323] the court suggested an appellate court confronted with *an appeal* which does not comply with section 1237.5 should dismiss the appeal. "When an appellate court considers an appeal on its merits in spite of the appellant's noncompliance with section 1237.5 and rule 31(d), *it arrogates to itself the screening which should have taken place at the county level.* The better and, we think, correct response at the appellate court level, to an appellant's disregard of the requirements of section 1237.5 and rule 31(d) is a simple refusal to discuss the merits of the appellant's contentions. [Citations.]" (*Id.* at p. 988, italics added; see *People* v. *Grey* (1990) 225 Cal.App.3d 1336, 1339 [275 Cal.Rptr. 572], disapproved on other grounds in *In re Jordan* (1992) 4 Cal.4th 116, 130, fn. 8 [13 Cal.Rptr.2d 878, 840 P.2d 983].)

## DISPOSITION

The appeal is dismissed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 17, 1995.