Filed 2/19/15  P. v. Reed CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TEVIS REED,<br><br>    Defendant and Appellant. | D065697<br><br><br><br>(Super. Ct. No. SCD245230) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Tevis Reed pleaded guilty to one count each of attempted murder, carjacking, assault by means likely to produce great bodily injury, robbery and burglary.  He admitted inflicting great bodily injury as to the attempted murder, carjacking, and assault charges.  The parties stipulated to a prison term of 16 years, four months.

At the sentencing hearing, Reed moved to withdraw his guilty plea. In a sworn declaration, Reed claimed (1) "[t]his was a 'PACKAGE DEAL,'" (2) he knew his codefendants had "gang connections," and he "received threats while in custody," (3) he "felt [he] was being rushed to trial and [his] [l]awyer was not ready," (4) he was afraid he "would be labeled a 'snitch' and would be killed by prison gangs" if he testified at trial that he committed the crimes under duress, and (5) he "now wish[ed] to go to trial and exercise [his] right to testify and prove duress." The trial court denied the motion and sentenced Reed to prison for the stipulated term of 16 years, four months.

Reed appealed, challenging the validity of his plea and the denial of his motion to withdraw his guilty plea. The trial court denied his request for a certificate of probable cause based on duress. Reed later filed an amended notice of appeal, indicating the appeal would be based on the sentence or other matters occurring after the plea. We denied Reed's petition for writ of mandate seeking a certificate of probable cause. (*Reed v. Superior Court*, D066446.)

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), she listed as possible but not arguable issues, whether the trial court (1) erroneously denied his request for a certificate of probable cause, (2) erroneously denied his motion to

2

withdraw his guilty plea, (3) failed to ensure the existence of a factual basis for his guilty plea and admission, (4) lawfully sentenced him, and (5) whether issues 1-4 are cognizable without a certificate of probable cause. We granted Reed permission to file a brief on his own behalf. He has not responded.

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Denial of a certificate of probable cause is reviewable only by timely petition for a writ of mandate. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) We denied Reed's petition for writ of mandate seeking a certificate of probable cause. (*Reed v. Superior Court*, D066446.) Without a certificate of probable cause, Reed cannot contest the validity of his plea; the only issues cognizable on appeal are issues relating to the validity of a denial of a motion to suppress or issues relating to matters arising after the plea was entered. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(4).)

Here, the issues raised by counsel are not cognizable in the absence of a certificate of probable cause. Even though a motion to withdraw a guilty plea involves a proceeding that occurs after the guilty plea, a certificate of probable cause is required to appeal the denial of the motion. (*People v. Johnson* (2009) 47 Cal.4th 668, 679.) A certificate of probable cause is also required to challenge an agreed upon sentence where, as here, the court exercised no discretion at sentencing. (*People v. French* (2008) 43 Cal.4th 36, 43-44.) Competent counsel has represented Reed on this appeal.

3

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.