Filed 8/10/15  P. v. Sandoval CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067344 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS268111) |
| ALICIA SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Alicia Sandoval pleaded guilty to burglary.  The parties stipulated that the value of the property was over $950.  The parties agreed that Sandoval would be screened for the drug court program.  If Sandoval was not accepted into the

program, she would be placed on probation and ordered to serve 365 days in custody in a residential treatment program. As part of her guilty plea, Sandoval waived issues relating to her stipulated sentence and any strike priors.

In accordance with the parties' agreement, the trial court suspended imposition of sentence and placed Sandoval on probation with a condition that she serve 365 days in local custody. The court awarded 76 days of presentence custody credit and ordered Sandoval released to a residential treatment program.

Sandoval appealed, challenging the validity of her plea. She requested a certificate of probable cause, stating: "I have probable cause to believe that I was charged with a felony burglary PC 459 when my charge was under the amount of $950.00. District Attorney verbally made it $950.00, and I would keep my felony charge. I believe I am entitled to Prop 47, and my felony would be a misdemeanor." The court denied Sandoval's request for a certificate of probable cause.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), she listed as possible but not arguable issues, whether (1) Sandoval's waiver of her right to appeal was valid, (2) Sandoval's guilty plea was constitutionally valid, (3) the trial

2

court abused its discretion in denying Sandoval's request for a certificate of probable cause, (4) there was a sufficient factual basis for the guilty plea, and (5) the conviction for petty theft with a prior should be reduced to a misdemeanor in light of Proposition 47, enacted by voters in November 2014. We granted Sandoval permission to file a brief on her own behalf. She has not responded.

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Moreover, the issues raised by counsel are not cognizable in the absence of a certificate of probable cause. Without a certificate of probable cause, Sandoval cannot contest the validity of her plea; the only issues cognizable on appeal are issues relating to the validity of a denial of a motion to suppress or issues relating to matters arising after the plea was entered. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(4).) A certificate of probable cause is also required to challenge an agreed upon sentence where, as here, the court exercised no discretion at sentencing. (*People v. French* (2008) 43 Cal.4th 36, 43-44.) Denial of a certificate of probable cause is reviewable only by timely petition for a writ of mandate. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) Sandoval did not file a petition for writ of mandate.

Based on our independent review of the complete record, we find no arguable appellate issues. Competent counsel has represented Sandoval on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McDONALD, Acting P. J.

O'ROURKE, J.