Filed 1/6/16  P. v. Patterson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>PHILLIP PATTERSON,<br><br>        Defendant and Appellant. | B263542<br><br>(Los Angeles County<br>Super. Ct. No. NA100539) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard R. Romero, Judge.  Affirmed.

        California Appellate Project, Jonathan B. Steiner and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance by Plaintiff and Respondent.

An information, filed on October 16, 2014, charged Phillip Patterson with two counts of making criminal threats in violation of Penal Code section 422, subdivision (a) and one count of possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). It also alleged that Patterson had a serious or violent felony conviction for attempted robbery (Pen. Code, §§ 211, 664) that qualified as a strike under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that subjected him to a sentence enhancement pursuant to Penal Code section 667, subdivision (a)(1). The information further alleged that Patterson had served a prison term within the meaning of Penal Code section 667.5, subdivision (b).

On January 20, 2015, pursuant to a waiver of his trial rights and advisements as to the consequences of his plea, Patterson pleaded nolo contendere to one count of violating Penal Code section 422, subdivision (a). He also admitted his attempted robbery conviction qualified as a "strike" and as a serious felony for the Penal Code section 667, subdivision (a)(1) enhancement. The trial court accepted Patterson's waivers and plea. The trial court imposed a sentence under the terms of the plea agreement of 16 months for the criminal threats conviction, which the court doubled to 32 months as a "strike" offense. The court also added a five-year term for the Penal Code section 667, subdivision (a)(1) enhancement. The court imposed a restitution fine of $300 (Pen. Code, §§ 1202.4, subd. (b), 1202.45), required fees (Gov. Code, § 70373; Pen. Code, § 1465.8) and awarded Patterson pre-sentence custody and conduct credits.

On April 15, 2015, Patterson filed a notice of appeal, challenging the validity of his plea and post-plea matters. Patterson requested a certificate of probable cause on the grounds that the "'victim' lied" and "the police report and the testimony from my preliminary hearing are two different statements." He also complained that the trial court erred in treating his current conviction as a "strike" because the crime did not involve violence. Patterson further asserted that the court erred in failing to dismiss his "strike" conviction because the conviction occurred in 2009 and because he had "discharged his

2

prison number with no violations." On April 22, 2015, the trial court denied the request for a probable cause certificate.

We appointed counsel to represent Patterson on appeal. After examining the record, counsel filed a *Wende* brief raising no issues and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On August 26, 2015, we sent a letter to Patterson and counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Patterson and informed Patterson that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response from him.

We have independently reviewed the record on appeal. Patterson did not timely file his notice of appeal. An appeal is taken by filing a written notice of appeal with the clerk of the superior court "within 60 days after the rendition of the judgment or the making of the order." (Cal. Rules of Court, rule 8.308(a); *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1095.) The same 60-day period applies, where, as here, the court renders judgment of conviction upon a plea of guilty or nolo contendere. (See Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.308(a); *People v. Mendez*, *supra*, 19 Cal.4th at p. 1095.) In this case, the trial court rendered judgment on January 20, 2015, and Patterson filed his notice of appeal and the application for a certificate of probable cause 85 days later, on April 15, 2015. "An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief.'" (*People v. Mendez*, *supra*, 19 Cal.4th 1084, 1094.)

In any event, Patterson's plea and the trial court's denial of a certificate of probable cause limit the potential scope of Patterson's appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen.Code, § 1237.5. [failure to obtain a certificate of probable cause precludes an appeal from the judgment of conviction upon a plea of guilty or nolo contendere].) All of

3

the matters that Patterson raised in his request for a certificate of probable cause related to his plea agreement, or occurred before he entered his plea.  We have examined the entire record and have found that no issues of any sort exist, let alone issues cognizable without a certificate of probable cause.[1]  We are satisfied that Patterson's appointed counsel has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

LUI, J.

---

[1]    Patterson did not seek appellate review of the trial court's denial of his request for a certificate of probable cause, which is reviewable only by a timely petition for a writ of mandate.  (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.)