Filed 5/6/16  P. v. Schaffer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064200 |
| v. | (Super.Ct.No. FSB1501129) |
| ANDRAS PETER SCHAFFER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed.

Andras Peter Schaffer, in pro. per.; and Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

On April 3, 2015, a felony complaint charged defendant and appellant Andras Peter Schaffer with two counts of failing to register as a sex offender in violation of Penal Code section 290, subdivision (b). The complaint also alleged that defendant had suffered one prior serious or violent conviction for burglary (Pen. Code, § 459), in violation of Penal Code sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

On June 29, 2015, defendant pled guilty to the first count of failing to register as a sex offender in exchange for the dismissal of all remaining allegations. Pursuant to the terms of the plea agreement, the trial court sentenced defendant to serve three years in state prison and dismissed all remaining counts and allegations.

On July 27, 2015, defendant filed a timely notice of appeal. The notice of appeal included a request for a certificate of probable cause and an accompanying letter. On August 3, 2015, the trial court denied the request for a certificate of probable cause.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On April 25, 2016, defendant filed a two-page handwritten brief with an

2

attached copy of Penal Code section 288.2. In his brief, defendant asks us "to review [his] 2000 conviction that has led up to [his] mandatory registration requirement in todays [*sic*] [a]ppeal on [his] failure to register charge." Defendant argues that his 2000 conviction should have been for a misdemeanor but was illegally charged as a felony. Defendant stated: "Upon review I ask that the court correct the [2000] legal charge to a misdomeanor wich would elliviate my registration requirement." (*Sic.*)

The issue raised in defendant's notice of appeal concerns the determination of guilt or innocence or is not reviewable under Penal Code section 1237.5. As set forth above, defendant requested a certificate of probable cause to appeal, but his request was denied by the trial court. "[W]here, as here, a certificate of probable cause has been denied, the appeal is not operative and the denial of the certificate must be reviewed by writ of mandate." (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) Here, defendant did not challenge the denial by way of writ of mandate, so he is precluded from obtaining review on the merits of issues challenging the legality of the proceedings and/or the validity of his plea. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1096-1097.) Moreover, because the crux of defendant's issue concerns his 2000 conviction, it is untimely.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                    Acting P. J.

We concur:

CODRINGTON
                              J.

SLOUGH
                              J.