Filed 5/6/16  P. v. Sierra CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064093 |
| v. | (Super.Ct.No. RIF1401613) |
| BERT DEWEY SIERRA, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Bert Dewey Sierra, pled guilty to five counts of lewd acts upon a minor by force, violence, and duress.  (Counts 1, 2, 4, 5, & 7; Pen. Code,

§ 288, subd. (b)(1).)[1] Pursuant to his plea agreement, the court sentenced defendant to an aggregate term of 35 years' incarceration.

After counsel from Appellate Defenders, Inc. (ADI) filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying three potentially arguable issues: (1) whether defendant's waiver of his right to appeal was valid; (2) whether the court abused its discretion by denying defendant's request for a certificate of probable cause; and (3) whether the trial court abused its discretion by denying defendant's motion to withdraw his guilty plea. We affirm.

## I. PROCEDRUAL HISTORY

On April 3, 2014, the People charged defendant by felony complaint with six counts of lewd and lascivious behavior upon minors under the age of 14 (counts 1, 2, 4, 5, 7, & 8; § 288, subd. (a)) and two counts of oral copulation or sexual penetration upon a minor under the age of 10 (counts 3 & 6; § 288.7, subd. (b)). The People further alleged as to counts 2 and 8 that defendant had engaged in substantial sexual conduct with a victim under the age of 14 (§ 1203.066, subd. (a)(8)); as to count 2 that defendant had entered an inhabited dwelling with the intent to commit a violent sex offense (§ 667.61, subd. (c)) and the offense was committed during the commission of a burglary (§ 667.61,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

subd. (e)(2)); and as to the case in its entirety, that defendant had committed sex offenses against multiple victims (§ 667.61, subd. (e)(4)).

On February 19, 2015, defendant signed and initialed a plea agreement. One provision of the agreement initialed by defendant expressly provides: "No one has made any threats to me or anyone close to me, or placed any pressure of any kind on me in order to make me plead guilty." Another, also initialed by defendant, reads: "As part of this plea I . . . do . . . waive any right to appeal that I may have." Yet another provision initialed by defendant provides that defendant understood the consequences of his plea.

Defendant signed the plea indicating: "I have read and understand this entire document. I waive and give up all of the rights that I have initialed." Defense counsel signed the agreement reflecting that he was satisfied defendant understood his rights and waiver of them, had adequate time to discuss his case with counsel, and understood the consequences of his plea.

The court asked defendant if defense counsel went over all the rights listed on the plea form with defendant and whether defendant understood them. Defendant responded affirmatively. Defendant stated that he understood he was waiving his rights by entering the plea. Defendant stated he had enough time to discuss his case with defense counsel and signed and initialed the plea agreement after "carefully reviewing it with" his attorney.

On May 29, 2015, newly-retained counsel for defendant filed a motion to withdraw the plea contending defendant did not execute a knowing or intelligent waiver

3

of his rights or the consequences of his plea, was induced by defense "counsel's overbearing and undue pressure" into entering the plea, and was denied effective assistance of counsel. On June 11, 2015, the People filed opposition to the motion noting defendant had been advised of all his constitutional rights, signed and initialed the plea form, and waived his rights and entered the plea after the court orally reviewed defendant's rights with him.

At the hearing on the motion on June 17, 2015, the court indicated its tentative decision to deny the motion, finding no good cause to withdraw the plea because defendant "knowingly and intelligently, freely and voluntarily" entered the plea. The court specifically noted defendant had initialed the provision of his plea agreement which reflected no one had placed any pressure upon him to enter the plea. The court also found defendant had failed to prove defense counsel had provided ineffective assistance of counsel. After providing defense counsel the opportunity to argue the matter, the court denied the motion.

Counsel from ADI filed the appeal on behalf of defendant. Counsel challenged the validity of the plea and requested issuance of a certificate of probable cause stating that "[d]efendant told ADI he is appealing the denial of his motion to withdraw the plea." The court denied the request.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we

have independently reviewed the record for potential error and find no arguable issues. (*People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096 [the burden is on the defendant to show good cause to withdraw the plea and an appellate court will uphold the denial of a motion to withdraw a plea unless there is a clear showing of abuse of discretion]; *People v. Johnson* (2009) 47 Cal.4th 668, 679 ["A defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea . . . ."]; *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188 [the denial of a request for a certificate of probable cause can only be challenged by the filing of a petition for writ of mandate].)

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                J.


We concur:

RAMIREZ
                    P. J.

HOLLENHORST
                    J.