Filed 5/20/21  P. v. Trammell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NICHOLAS KENNETH TRAMMELL,<br><br>    Defendant and Appellant. | F080504<br><br>(Super. Ct. No. CR-19-008511)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Peña, J. and Snauffer, J.

Appointed counsel for appellant Nicholas Kenneth Trammell asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Trammell was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Appellate counsel's brief was filed on August 17, 2020. We received two letters from Trammell, the first is dated August 23, 2020, and the second letter is dated November 1, 2020. We have considered the contentions raised in Trammell's letter briefs. Finding no arguable error that would result in a disposition more favorable to Trammell, we affirm.

## BACKGROUND

On September 10, 2019, the Stanislaus District Attorney's Office filed a criminal complaint charging Trammell with rape by force or fear (Pen. Code,[1] § 261, subd. (a), count 1); assault with intent to commit rape (§ 220, subd. (a)(1), count 2); battery/interference with a police dog (§ 600, subd. (a), count 3); and resisting arrest (§ 148, subd. (a)(1), count 4).

On October 7, 2019, Trammell entered an open plea of guilty to all counts alleged in the complaint. The parties stipulated to a factual basis for the plea.

Before Trammell entered his plea, the trial court advised Trammell his conviction would prohibit him from owning or possessing firearms, ammunition, or ammunition-loading devices; it would require him to register as a sex offender for the duration of his life; and that he would have a parole period of 10 years.

On December 11, 2019, at sentencing, defense counsel stated Trammell wished to withdraw various motions he had filed with the trial court. The motions were filed as petitions for writ of habeas corpus and alleged the police had violated Trammell's civil rights.

---

[1]     All undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

The trial court sentenced Trammell to an aggregate term of eight years in prison. He received the upper term of eight years for forcible rape (§ 264, subd. (a)(2), count 1), a stayed term of six years for assault with intent to commit rape (§ 220, subd. (a)(1), count 2); 364 days for battery/interference with a police dog (§ 600, subd. (a), count 3); and 364 days for resisting arrest (§ 148, subd. (a)(1), count 4). Counts 3 and 4 were run concurrent with the sentence on count 1.

Among other conditions, the trial court ordered Trammell not to contact or come within 100 yards of the victim and to register as a sex offender within five days of his release from prison.

On December 11, 2019, Trammell filed a timely notice of appeal. In his notice of appeal, Trammell claimed he was challenging the term of probation or parole attached to his sentence and not his plea. His request for a certificate of probable cause was denied.

On this same date, Trammell filed a second notice of appeal requesting a reduction of his sentence. His request for a certificate of probable cause was denied.

## DISCUSSION

The record contains no evidence showing that Trammell requested to withdraw his guilty plea, or that he challenged the trial court's denial of his request for a certificate of probable cause by writ of mandate. (See *People v. Castelan* (1995) 32 Cal.App.4th 1185 [denial of a certificate of probable cause is reviewable only by timely petition for a writ of mandate].) Section 1237.5 provides, in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty ..., except where both of the following are met: (a) The defendant has filed with the trial court a written statement ... showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Accordingly, our review is limited to issues that "arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4)(B).)

3.

Because Trammell did not obtain a certificate of probable cause from the trial court, his request to have his conviction for resisting arrest dismissed for unspecified reasons is not cognizable. Insofar as Trammell requests financial damages, that is not a remedy Trammell is entitled to by way of a criminal appeal.

Trammell further contends he was subject to multiple punishment when the trial court ordered him not to go within 100 yards of "a school," prohibited him from owning a firearm, sentenced him to eight years in prison, and placed him on parole for a period of 10 years.[2] The imposition of these conditions in addition to his prison sentence do not constitute double punishment, nor were these conditions otherwise improper. (§ 3000, subd. (b)(2)(B) [a 10-year period of parole applies to anyone convicted of a sexually violent felony enumerated in section 667.5]; § 667.5, subd. (c)(3) ["[r]ape" as defined by section 261, subdivision (a)(2), is designated as a "violent felony"]; § 29800 [prohibits convicted felons from owning, purchasing, or possessing firearms in California].) Neither the assertions raised in Trammell's supplemental letters nor our independent review of the record reveal any arguable errors that would result in a disposition more favorable to Trammell.

## DISPOSITION

The judgment of conviction is affirmed.

---

[2] The trial court ordered Trammell not to contact or go within 100 yards of *the victim*. Trammell does not explain how this prohibition was unlawful, nor did he object to this prohibition or any other prohibition or condition he now challenges on appeal.

4.