Filed 6/18/24  P. v. Logan CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B333037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA495305) |
| v. | |
| JAMES NOLANS LOGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

———————————

James Nolans Logan was convicted, pursuant to a plea of no contest, of voluntary manslaughter (Pen. Code, § 192, subd. (a)).  Logan admitted circumstances in aggravation, including that he was armed with or used a weapon in the commission of the offense (Cal. Rules of Court, rule 4.421(a)(2)), that he had a prior conviction for a serious or violent felony within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d); Cal. Rules of Court, rule 4.421(b)(1)), and that his prior convictions were of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)).  The trial court sentenced Logan to 22 years in state prison.

We appointed counsel to represent Logan in this appeal. Logan's appointed counsel reviewed the record and did not identify any arguable issues.  Nor, after reviewing the record independently, have we.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Police officers responded to a radio call of a shooting.  Upon arriving at the scene, they saw a large group of people running from a parking lot and Shanell Williams on the sidewalk with multiple gunshot wounds.  Williams later died from her injuries. The incident was caught on surveillance video, and Logan was later arrested.

The People charged Logan with murder (Pen. Code, § 187, subd. (a)) and possession of a firearm by a felon (*id.*, § 29800, subd. (a)(1)).  Following advisement and waiver of his constitutional rights, Logan pleaded no contest to voluntary

2

manslaughter.[1]  The court dismissed the remaining counts.  The trial court sentenced Logan to 11 years, doubled under the three strikes law.

Logan filed a notice of appeal, stating his appointed trial counsel provided ineffective assistance of counsel that caused him to receive "extra jail time."  The trial court denied his request for certificate of probable cause.[2]

## DISCUSSION

Logan's court-appointed appellate counsel filed a brief raising no issues.  Counsel advised Logan on April 8, 2024 that he could file a supplemental brief within 30 days.  Counsel also sent Logan the transcripts of the record on appeal and a copy of the brief.  On April 9, 2024 we also notified Logan that he could submit within 30 days a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wanted us to consider.  We have not received a response from Logan.

We have examined the record and are satisfied that appellate counsel for Logan has complied with her responsibilities and that there are no arguable issues.  (See

---

[1]    The trial court granted the People's request to amend the information to add a count for voluntary manslaughter.

[2]    Logan did not file a petition for writ of mandate challenging the order denying his request for a certificate of probable cause. (See *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) Absent such a certificate, "a defendant may obtain review solely of so-called 'noncertificate' issues, that is, postplea questions not challenging his plea's validity."  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088; see Cal. Rules of Court, rule 8.304(b).)

*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.