Filed 7/22/24  P. v. Crowder CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RYAN CROWDER,<br><br>        Defendant and Appellant. | A169466<br><br>(Sonoma County Super. Ct. Nos. SCR7610411, SCR7627121) |

Defendant Ryan Crowder pleaded no contest to charges of driving under the influence of a drug in one case and multiple counts of firearm related offenses in a second case, and was sentenced to a total prison term of five years and four months.  His appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issues and asks this court for an independent review of the record.  Counsel attests that he advised Crowder of his right to file a supplemental brief, but Crowder has not filed one.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

1

# BACKGROUND

## I.

### *Factual Background*

**A. Case No. SCR7627121**

As related in the probation report, about 10:46 p.m. on May 26, 2022, a reporting party advised dispatch that Crowder was driving while under the influence of drugs and had crashed into something. An officer found a vehicle matching the description that had been provided. Crowder was in the driver's seat of the Ford truck, which had the engine running and minor damage to the front left bumper. Observing signs of intoxication, the officer asked Crowder to get out for sobriety tests. Crowder denied being involved in a crash and said the damage was from a crash on a prior date, but could not provide details. He said he had pulled into the parking lot a few minutes before being contacted by the officer because he was arguing with the mother of his daughter on the phone. When told that someone was concerned he was driving under the influence, Crowder was very upset and "believed 'Shannon' probably called." He denied using drugs or alcohol and said he had been sober for a while, but he appeared slightly disoriented and confused and his speech was sluggish. He admitted driving from Santa Rosa to the location where he was parked.

In a further conversation the reporting party told the officer she believed Crowder was under the influence of drugs and had been without sleep for a few days due to using methamphetamine. She called the police because she was scared for his safety and that of others.

Crowder said he had slept about three hours the prior evening, had not been drinking, and had taken gabapentin earlier that day. There was a gabapentin pill in plain view on the driver's seat and multiple nitrous oxide

canisters in the vehicle, as well as a large bag of "Herba Rosa Kratom 'Super White' " on the rear seat. Crowder performed poorly on multiple field sobriety tests. He was arrested for violating Vehicle Code section 23152, subdivision (f). He said he had taken two full kratom shots about three hours earlier, and four 800 milligram tablets of gabapentin earlier in the day. He acknowledged knowing that gabapentin could make people dizzy or sleepy and said he had previously been addicted to pain medication and started taking suboxone for withdrawal. He said he was getting rid of the nitrous oxide canisters for a friend, but when he was searched incident to arrest, two more canisters were found in his sweatshirt pocket.

Laboratory testing of a blood sample taken about 11:59 p.m. confirmed the presence of alprazolam, clonazepam, amphetamine, methamphetamine, and gabapentin, and noted that kratom could not be confirmed due to the limitations of the laboratory's methodology.

**B. Case No. SCR7627121**

About 5:30 p.m. on October 31, 2022, a Santa Rosa police officer responded to a call that a truck was swerving and stopping too far from traffic light limit lines. The caller then told dispatch that the driver appeared to be " 'passed out.' " The officer conducted a traffic stop and contacted the driver, later identified as Crowder. Other officers arrived and while one spoke with Crowder, another observed multiple toolboxes and a hardhat in the truck, as well as about eight " 'whip-it' cannisters" in plain view on the driver's seat. A whipped cream type dispenser was on the front seat on top of some clothing, and the officer noted that "nitrous oxide canisters (whip-its) could be inhaled with a whipped cream style dispenser used to crack the seal of the canister then control the amount of nitrous oxide being released."

3

A records check confirmed that Crowder did not have a valid driver's license and had prior felony convictions for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) and driving under the influence causing injury (Veh. Code, § 23153, subd. (a)).

Further search of the vehicle revealed a small metal safe, approximately 9 by 6 inches behind the center console in the rear passenger compartment with " 'no children' " written on top of the box. Shaking the safe made a metallic sound and the officer believed there was a firearm inside. When asked if there was a gun in the safe, Crowder said he did not know and the safe belonged to a friend. The officer believed it would be a safety risk to leave a handgun in a vehicle that was being towed and it should be rendered safe before being booked into evidence. While waiting for the fire department to respond to break open the safe, Crowder commented that he had an old revolver in his storage locker. The safe contained a black 9mm Taurus PT 709 pistol containing a seven-round magazine with no round in the chamber. Crowder was arrested for violations of Vehicle Code section 14601.1, subdivision (a), and Penal Code sections 29800, subdivision (a)(1), 30305, subdivision (a)(1), 25850, subdivision (c)(6), and 25400, subdivision (c)(6).

Two cellular phones were seized as evidence and subsequently searched pursuant to a warrant. One revealed no evidentiary evidence. The other contained multiple photographs of firearms. One, showing Crowder holding two revolvers with multiple rifles in a safe in the background, was taken on June 28, 2022. Another, taken on October 14, 2022, showed Crowder wearing face paint and holding a rifle with a bayonet attached to the muzzle.

## II.

### *Legal Proceedings*

On March 14, 2023, the Sonoma County District Attorney filed a felony complaint in case No. SCR7610411 charging Crowder with unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)); felony possession of ammunition by a felon (§ 30305, subd. (a)(1)); felony carrying a loaded, unregistered handgun (§ 25850, subd. (a)); felony carrying a loaded, concealed, unregistered firearm (§ 25400, subd. (c)(6)); and misdemeanor driving while driving privilege suspended or revoked (Veh. Code, § 14601.1, subd. (a)). The complaint alleged 17 factors in aggravation.

On May 15, 2023, the Sonoma County District Attorney filed a felony complaint in case No. SCR7627121 charging Crowder with driving under the influence of a drug within 10 years of a prior felony gross vehicular manslaughter offense (Veh. Code, §§ 23152, subd. (f), 23550.5). The complaint alleged the prior vehicular manslaughter as a strike (Pen. Code, §§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)), and alleged six factors in aggravation.

On September 11, 2023, Crowder entered open pleas of no contest in both cases. The complaint in case No. SCR7610411 was amended to add the prior strike allegation as to the four felony counts. Crowder admitted the strikes and factors in aggravation in both cases. It was expressly expected that Crowder would file a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 asking the court to exercise its discretion to strike his prior strike conviction, and that the court would also consider other sentencing arguments.

On November 6, 2023, Crowder filed his *Romero* motion, which the People opposed. The trial court denied the motion at the sentencing hearing

5

on November 20, 2023, declining to find it in the interests of justice to strike the prior.

The court imposed a total aggregate sentence of five years and four months, consisting of the middle term of four years in case No. SCR7627121 (middle term of two years, doubled due to § 1170.12 strike).  In case No. SCR7610411, the court imposed a consecutive 16-month term on count 1 (one-third the middle term, doubled pursuant to the strike) and, on each of counts 2, 3, and 4, sentences of four years stayed pursuant to section 654. The court calculated Crowder's credits in SCR7627121 as 188 actual and 188 conduct, for a total of 376, and in SCR7610411, two days actual credit.  The court imposed fines and fees in SCR7627121 only:  A restitution fine of $300 (§ 1202.4), an additional $300 fine, suspended unless parole is revoked (§ 1202.45), a $40 court security fee (§ 1465.8), and $30 criminal conviction fee (Gov. Code, § 70373).

Crowder filed a timely notice of appeal on December 5, 2023.  The trial court denied his request for a certificate of probable cause.

## DISCUSSION

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra*, 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

The denial of Lowe's request for a certificate of probable cause precludes him from arguing on appeal any issues affecting the validity of his plea; the appeal is limited to issues that do not require a certificate of probable cause. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188; Cal. Rules of Court, rule 8.304(b)(3).)  Crowder did not challenge the denial of his request for a certificate of probable cause by petition for writ of mandate

6

and may not do so on direct appeal. (*Castelan*, at p. 1188.) As for noncertificate issues, since the pleas were open to the court, the court had discretion to choose the appropriate sentence. (See *People v. Buttram* (2003) 30 Cal.4th 773, 787 [certificate of probable cause not required to challenge exercise of sentencing discretion where plea agreement specified maximum sentence].) The court received the recommendation of the probation department, heard the parties' arguments, and explained its reasons for denying Crowder's request to strike the prior strike and for choosing the middle term sentence it imposed.

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

_____
STEWART, P.J.

We concur.


_____
RICHMAN, J.


_____
MILLER, J.


*People v. Crowder* (A169466)

8