Filed 2/25/25  P. v. Frostick CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EVAN TAYLOR FROSTICK,<br><br>        Defendant and Appellant. | A171118<br><br>(Sonoma County<br>Super. Ct. No. SCR-755777-1) |

**MEMORANDUM OPINION**[1]

The prosecution charged Evan Taylor Frostick and his codefendant with murder and child abuse, and it also alleged they willfully caused and permitted a child to be injured and harmed, resulting in the child's death. Ultimately, Frostick pled no contest to voluntary manslaughter and admitted an aggravating factor, and the trial court sentenced him to 11 years in prison in accordance with the plea agreement.

Frostick filed a notice of appeal on which he did *not* indicate he was appealing based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea," "the denial of a motion to suppress evidence under Penal Code section 1538.5," or "the validity of the plea or admission."  Rather, he checked the box indicating "[o]ther basis for this

_____

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1.)

1

appeal" — requiring he request a certificate of probable cause — and specified "[i]neffective assistance of counsel." His attached request for a certificate of probable cause alleged ineffective assistance occurring before the plea and "going to the legality of the . . . no-contest plea, or probation violation admission proceeding." The trial court denied the certificate, and we denied Frostick's petition for writ of mandate.

Frostick's counsel filed a brief raising no issues and asking this court to conduct an independent review of the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel informed Frostick of his right to file a supplemental brief, but he has not filed anything. We decline the request to independently review the record and instead dismiss the appeal.

" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' " (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) The only issue raised by Frostick's notice of appeal is ineffective assistance occurring before the plea and "going to [its] legality." But the trial court's denial of a certificate of probable cause — which occurred after it screened the merits, and which was unsuccessfully challenged by a petition for writ of mandate — precludes Frostick from challenging on appeal any issues affecting the validity of his plea, including his assertion of ineffective assistance. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.) And his notice of appeal identifies no other issues, thereby limiting the scope of our jurisdiction. (*Faunce*, at p. 170.) Given these circumstances, we do not independently review the record but instead dismiss the appeal. (*Castelan*, at pp. 1188–1189.)

## DISPOSITION

The appeal is dismissed.

2

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A171118; *People v. Frostick*

3