Filed 5/27/26  P. v. Shumate CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN THOMAS SHUMATE,<br><br>        Defendant and Appellant. | A173335<br><br>(Sonoma County<br> Super. Ct. No. SCR-756294-1) |

Benjamin Thomas Shumate pleaded guilty to multiple sexual and other offenses.  His appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue and asks this court for an independent review of the record.  Shumate has filed a supplemental brief.

We have reviewed the issues raised in Shumate's supplemental brief and find none meritorious.  Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing.  Accordingly, we affirm.

BACKGROUND

## I.

### *Factual Background*

In August 2022, Jane Doe 1 was 16 years old. She had been texting with a man who contacted her through an "app" and he was pressuring her to meet him because he wanted to have sex with her. She told him she was 16.

On the night of August 14, Shumate picked her up. They went to his office, stopping on the way at a liquor store where he bought alcohol that Doe 1 drank. At the office, Shumate took Doe 1's clothes off, then took his jeans off and "start[ed] to have sex with" her. When it ended, she tried to leave but he stopped her, putting his hands on her throat, pushing her against the wall and taking her phone away. She begged him to give it back and when he did, she called the police. A police officer who responded to the office location testified that Doe 1 told him she and Shumate met for the purpose of engaging in sexual acts that she would be paid for.

Jane Doe 2 met Shumate in July 2022, when she was 15 years old. She testified that she was struggling with drug addiction at the time, abusing any drug she could obtain and communicating with random people on Snapchat in order to get drugs. Someone who contacted Doe 2 told her she knew a person who could get Doe 2 a free "vape," and that the person needed to know she was 18 years old or older. Doe 2 texted the number she was given and had a conversation with the person. She told him she was 19 years old and in junior college.

Shumate picked Doe 2 up near her house, drove to a nearby neighborhood and parked. He kissed her, then pulled down his pants and she sucked his penis. She got the vape in return and he drove her home. In subsequent text messages, Doe 2 told Shumate she did not want to have sex

with him and he told her he needed "more than just head" in order for her to get drugs from him. Doe 2 met Shumate seven or eight times in July and August. These incidents were "all kind of the same": He would pick her up and drive her to his office, where he raped her on a couch. He raped her approximately six times.

Doe 2 testified that Shumate took advantage of the fact that she was struggling with drug addiction and bribed her with money or drugs; he gave her "mostly weed" and gave her money for "harder drugs." She felt "gross" and two or three times had to stop and throw up, but she did what she had to do to get the drugs. On one occasion Shumate forcibly orally copulated Doe 2, holding her down on the couch with his hands on her thighs. The incidents ended when her best friend told her mother, who told Doe 2's mother; Doe 2's parents contacted the police and Doe 2 went to a psychiatric hospital.

## II.

### *Procedural Background*

An information filed on November 22, 2023, charged Shumate with a total of 15 felony offenses committed against two victims. With regard to Jane Doe 1, Shumate was charged with seven offenses: Trafficking a minor for a sex act (Pen. Code,[1] § 236.1, subd. (c)(1)) (count 1); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 2); unlawful sexual intercourse (§ 261.5, subd. (c)) (count 3); contact with a minor for a sexual offense (§ 288.3, subd. (c)), with a prior conviction of section 288.3, subd. (a)) (count 4); two counts of meeting a minor for lewd purposes (§ 288.4, subd. (b)) (counts 5, 6); attempted using a minor for sex acts (§ 664/311.4, subd. (c)) (count 7). Count 9 charged forcible oral copulation of a victim 14

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

years of age or older (§ 287, subd. (c)(2)(C)) committed on or about August 7, 2022. With regard to Jane Doe 2, Shumate was charged with trafficking a minor for a sex act (§ 236.1, subd. (c)(1)) (count 8); four counts of lewd act upon a child (§ 288, subd. (c)(1)) (counts 10, 11, 12, 13); furnishing marijuana to a minor over age 14 (Health & Saf. Code, § 11361, subd. (b)) (count 14); and pandering by encouraging a minor under age 16 to become a prostitute (§ 266i, subd. (b)(2)) (count 15). The information alleged nine aggravating factors. (Cal. Rules of Court, rule 4.421(a)(1), (a)(3), (a)(6), (a)(7), (a)(8), (b)(2)-(b)(5).)

Shumate pleaded not guilty and denied the allegations on November 29, 2023. On January 24, 2024, he moved for dismissal of the information pursuant to section 995.[2] The motion was heard and denied on March 13, 2024.

In September, October and November 2024, Shumate filed several voluminous petitions for writ of habeas corpus, described by the trial court as "nearly identical," raising claims related to conditions of his confinement. He later identified one of these as the petition he sought to proceed on and withdrew the others. The court requested a response from county counsel on behalf of the Sonoma County Sheriff. In an order filed on February 18, 2025, the court addressed each of Shumate's claims and denied the petition in its entirety. The court subsequently reaffirmed its denial of the petition after considering additional pleadings Shumate filed.

---

[2] Shumate argued there was insufficient evidence to charge him with the counts related to Jane Doe 2 because her changing statements and mental health challenges rendered her testimony unreliable, and that the counts of human trafficking and pandering did not apply in the circumstances of this case.

On March 28, 2025, Shumate pleaded guilty to counts 2, 3, 4, 9 and 14, and admitted three aggravating factors. On April 25, 2025, he was sentenced in accordance with the plea agreement to an aggregate term of 13 years, consisting of the middle term of three years on count 2, concurrent middle terms of two years on count 3, six years on count 4 and four years on count 14, and, pursuant to section 667.6, a consecutive upper term of 10 years on count 9. Shumate received 1,029 days of presentence custody credits.

Also on April 25, 2025, the court filed an order stating that all issues raised in Shumate's habeas petition had been considered and ruled on in prior orders, specifically addressing an issue regarding alleged mail tampering, and reiterating that Shumate had not stated a prima facie basis for relief on any of the issues.

Shumate filed a timely notice of appeal and request for a certificate of probable cause on May 2, 2025. The court denied the certificate of probable cause on May 5, 2025.

## DISCUSSION

### I.

### Wende *Review*

The denial of Shumate's request for a certificate of probable cause precludes him from arguing on appeal any issues affecting the validity of his plea. (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188; Cal. Rules of Court, rule 8.304(b)(3).) He did not challenge the denial of his request for a certificate of probable cause by petition for writ of mandate and may not do so on direct appeal. (*Castelan,* at p. 1188.) As he was sentenced in accordance with his plea agreement, a challenge to his sentence would constitute a challenge to the validity of the plea. (*People v. Shelton* (2006) 37 Cal.4th 759, 766.)

5

Our review of the record reveals no arguable issues requiring further briefing.

## II.

### *Supplemental Brief*

Shumate raises three claims in his supplemental brief. First, he argues that his incoming and outgoing legal documents were lost, tampered with or opened outside his presence while he was a pretrial detainee; his attorney and the trial court did nothing to stop this abuse despite being notified of it repeatedly; and as a result, he believed he could not get a fair trial and therefore was coerced into accepting a plea agreement he did not want. Second, he argues his convictions for the counts involving Jane Doe 2 are invalid because they are based on Doe 2's age, Doe 2 testified that she falsely told Shumate she was an adult, his defense was genuine mistake as to age, defense counsel falsely told him this was not a valid defense and, due to this lie, Shumate was coerced into accepting the plea agreement. Third, Shumate argues he received ineffective assistance of counsel in that, in addition to deceiving him about his defense and refusing to address the mail tampering, counsel refused to appeal from the denial of his section 995 motion following the preliminary hearing, refused to assist with Shumate's habeas petition, told Shumate he was too busy with other trials to deal with Shumate's case, and urged Shumate to settle rather than go to trial by falsely representing that Shumate's good faith defense was not valid.

All of Shumate's claims challenge the validity of his plea and, therefore, are precluded by the denial of his request for a certificate of probable cause. (*People v. Castelan, supra,* 32 Cal.App.4th at p. 1188.)

Nevertheless, we observe that the main premise underlying Shumate's challenges to the validity of his convictions and claim of ineffective assistance

6

of counsel brief is incorrect: Contrary to Shumate's belief that he had a valid defense to the offenses involving Doe 2 based on her representation that she was an adult, mistake of fact as to the age of the victim is not a defense to these crimes. (*People v. Paz* (2000) 80 Cal.App.4th 293, 301 [§ 288, subd. (c)(1)]; *People v. Middleton* (2023) 91 Cal.App.5th 749, 766 [§ 236.1, subd. (f)]; *People v. Branch* (2010) 184 Cal.App.4th 516, 518, 522 [§ 266i, subd. (b)(2)]; *People v. Lopez* (1969) 271 Cal.App.2d 754, 760-762 [Health & Saf. Code, § 11361, subd. (b)[3]].)

Shumate's other main contention is based on alleged violations of his constitutional rights with respect to confidentiality of his legal mail that he asserted in his habeas petition but the trial court found he did not establish. Shumate now maintains his plea was compelled by his belief that he could not get a fair trial due to these violations, but he fails to address the trial court's reasons for concluding he did not show the underlying violations occurred.

## DISPOSITION

The judgment is affirmed.

---

[3] When *People v. Lopez* was decided, the offense of furnishing marijuana to a minor—currently Health and Safety Code section 11361, subd. (b)—was defined in former Health and Safety Code section 11532. (*Lopez, supra,* 271 Cal.App.2d at p. 760, fn. 1.)

STEWART, P. J.

We concur.

RICHMAN, J.

MILLER, J.

*People v. Shumate* (A173335)